IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.          :

              Plaintiff,          :          CIVIL ACTION

                           :

           v.          :          CASE NO. _____

                           :

THE UNIDENTIFIED, SHIPWRECKED          :
VESSEL OR VESSELS, their apparel, tackle,          :
appurtenances and cargo located within          :
center point coordinates:          :
49° 25' N, 6° 00' W; Radius: 5 nautical miles          :

                           :

          *in rem*          :

                           :

              Defendant(s).          :

## VERIFIED COMPLAINT IN ADMIRALTY *IN REM*

Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by its undersigned counsel, hereby asserts the following Complaint *in rem* against the Defendant Shipwrecked Vessel or Vessels, their apparel, tackle, appurtenances, and cargo (hereinafter, "Defendant Shipwrecked Vessel") located within the center point coordinates: 49° 25' N, 6° 00' W; Radius: 5 nautical miles.

I.

## THE PARTIES

1.     Odyssey is a Nevada corporation with its principal place of business at 5215 West Laurel  St., Tampa, Florida 33607.  Odyssey is engaged in the business of deep ocean exploration and the recovery of shipwrecks around the world.

2.     The Defendant Shipwrecked Vessel is believed to be a merchant ship lying at a

1

depth of approximately 100 meters deep beyond the territorial waters or contiguous zone of any

sovereign nation, approximately 40 miles from Lands End near the English Channel. Upon

information and belief, no extant entity or person presently claims any ownership interest in the

Defendant Shipwrecked Vessel. Evidence at the site indicates that all efforts by any previous

owner to salvage the shipwreck and/or its cargo have been long since abandoned. The value of

the Defendant Shipwrecked Vessel cannot be estimated at this time.

II.

### JURISDICTION AND VENUE

3.    This is a case of admiralty and maritime jurisdiction stating a maritime claim

within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental

Admiralty Rules C and D as hereinafter more fully appears. This Court has original jurisdiction

over this matter pursuant to 28 U.S.C. §§ 1331 and 1333. In addition, the Court has *in personam*

jurisdiction over the Plaintiff and constructive *quasi in rem* jurisdiction over the Defendant

Shipwrecked Vessel.

4.    Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28

U.S.C. § 1391 and Local Rule 3(A) and (B) (3). Plaintiff's principal place of business is located

in this District, and artifacts recovered from the Defendant Shipwrecked Vessel will be brought

within the District during and after appropriate conservation and preservation efforts.

III.

### FACTS

5.    In the summer of 2006, Odyssey first located the site of the Defendant

Shipwrecked Vessel using sophisticated sonar and magnetometer equipment. Shortly thereafter,

Odyssey used a surface-controlled remotely operated vehicle ("ROV") to survey the wreck site and to take video and photographic images.

6.    The Defendant Shipwrecked Vessel rests on the sea floor at a depth of approximately 100 meters beyond the territorial waters or contiguous zone of any sovereign nation. The shipwreck's position is located in an area referred to herein as the Salvage Area and is defined by the afore-mentioned center point coordinates. Upon information and belief, no other salvor is currently working on this site. Odyssey is aware of no operations other than those by Odyssey which have been conducted during the past two years of the company's operations in the general area, and to the best of Odyssey's knowledge, no salvor has sought to protect an interest in the vessel through an arrest. Odyssey has maintained actual, continuous, and exclusive possession or constructive occupancy of the wreck site to the extent this is possible.

7.    The wreck site consists of vessel remains, metal objects and cannons. Odyssey's research has led it to believe that more valuable cargo may be located at or near the site.

8.    Based on a preliminary assessment of video and photographs taken of the wreck site by Odyssey's technicians and archaeologist, the Defendant Shipwrecked Vessel is believed to be a merchant vessel from the 17th Century.

9.    Odyssey, its associates and agents, is the only party that is currently engaged in extensive exploration and survey operations on the Defendant Shipwrecked Vessel. Using appropriate archaeological protocols, Odyssey has voluntarily and successfully obtained video and photographic images of the Defendant Shipwrecked Vessel and has begun archaeological documentation of the site. Odyssey is ready and able to conduct operations to recover artifacts from the Defendant Shipwrecked Vessel, although it has done so only on a limited basis thus far.

3

Odyssey is currently developing an excavation plan and conservation process to ensure that its recovery operations are consistent with rigorous archaeological protocols, and the recovery operations will proceed consistent with these protocols.

10.     Upon the filing of this action, Odyssey intends to turn over to the United States Marshal for the Middle District of Florida for symbolic arrest *in rem* a portion of a glass bottle recovered from the Defendant Shipwrecked Vessel. Odyssey's survey and recovery operation has been, and will continue to be, conducted in accordance with all appropriate archaeological protocols and under the direction of an experienced nautical archaeologist.

11.     In addition to the bottle piece, Odyssey has documented several objects it has found on the Defendant Shipwrecked Vessel.    Any further artifacts recovered from the Defendant Shipwrecked Vessel will be recovered under the jurisdiction of this Court, and will be within the actual and/or constructive possession of this Court or its duly-appointed Substitute Custodian during the pendency of this action.

12.     This Court has *in personam* jurisdiction over the Plaintiff.  In addition, this Court has, or will have during the pendency of this action, jurisdiction over any potential claimant or competing salvor by virtue of their contacts to this forum; the nature of the Plaintiff's admiralty action; the relationship of the potential claimant and/or salvor to the Plaintiff, the forum and the cause of action; and/or under the principles of jurisdiction by necessity.

13.     This Court's exercise of jurisdiction over competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of the Defendant Shipwrecked Vessel; to allow the Plaintiff to continue to pursue its ongoing survey and recovery operations without interference; to bring the recovered artifacts within this District; and to prevent destruction of

this Court's actual and potential jurisdiction.

14.     Odyssey, its agents and associates, have invested substantial time, money and effort in locating, surveying, photographing and researching the history of the Defendant Shipwrecked Vessel; and in planning the physical recovery of artifacts from the Defendant Shipwrecked Vessel.

15.     Odyssey, its agents and associates, are actively, voluntarily and successfully engaged in the process of reducing certain artifacts from the Defendant Shipwrecked Vessel to the Plaintiff's exclusive custody, possession, dominion and control, as circumstances permit, and Odyssey has the present ability and intention to continue to do so during the pendency of this action.

IV.

PLAINTIFF'S CLAIMS

COUNT I

POSSESSORY AND OWNERSHIP CLAIM
PURSUANT TO THE LAW OF FINDS

16.     Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations set forth above in paragraphs 1 through 15.

17.     This count arises under Supplemental Admiralty Rule D and general maritime law.

18.     The Plaintiff is, by virtue of its exclusive possession, dominion and control of the Defendant Shipwrecked Vessel, is in possession of the Defendant Shipwrecked Vessel, and has taken such actions as are necessary to constitute continued possession, dominion and control of the abandoned shipwreck.

19.     As there is no extant owner of the Defendant Shipwrecked Vessel or its artifacts, Odyssey is entitled to an adjudication of title and ownership in the Defendant Shipwrecked Vessel, and her artifacts, and the right to recover the Defendant Shipwrecked Vessel and her artifacts without the interference of any other salvor, claimant, agency, department or instrumentality of any government, domestic or foreign.

COUNT II

SALVAGE AWARD CLAIM
PURSUANT TO THE LAW OF SALVAGE

20.     Plaintiff incorporates by reference, as though fully set forth herein, the allegations, set forth above in paragraphs 1 through 19.

21.     This count arises under Supplemental Admiralty Rule C and the general maritime law as salvage services constitute a preferred maritime lien.

22.     The Defendant Shipwrecked Vessel and her artifacts are subject to maritime peril and is in an utterly helpless condition from which she could not be rescued without the voluntary and successful services of Odyssey, its agents and associates.

23.     Plaintiff is under no legal obligation or official duty to render salvage services to the Defendant Shipwrecked Vessel.

24.     Plaintiff's voluntary services have been and will continue to be successful in rescuing and/or helping to rescue artifacts from the Defendant Shipwrecked Vessel in order to investigate and research the wreck and to return the recovered portions thereof to the stream of commerce from which they were lost.

25.     Plaintiff, by virtue of such services so performed, the private risk capital expended and the time spent and danger incurred in finding and recovering artifacts from the

6

Defendant Shipwrecked Vessel, is entitled to a liberal salvage award for such services.

COUNT III

CLAIM FOR INJUNCTIVE RELIEF TO PROTECT
THE RECOVERY OPERATION

26.    Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in Paragraphs 1 through 25.

27.    The rights and efforts of the Plaintiff, the economic value and integrity of the artifacts sought, the successful recovery of lost and abandoned property at sea, and the safety of life and limb mandate that Plaintiff be protected by the Court in maintaining exclusive dominion and control of its recovery activities concerning the Defendant Shipwrecked Vessel without the interference of third parties, and to be salvor-in-possession or finder-in-possession of the Defendant Shipwrecked Vessel for as long as Plaintiff intends to conduct operations at the site.

28.    Allowing interference with the Plaintiff's ongoing operations would substantially and irreparably injure the Plaintiff, would be inequitable, would be harmful to the public good, would constitute a significant hazard to safe and successful salvage operations, and would be contrary to a balancing of the respective interests of the parties and the comparative hardships borne.

29.    In order to adequately protect the security and the archaeological integrity of the Plaintiff's recovery operations, this Court should enter a preliminary injunction prohibiting any rival salvors or entity from conducting search and/or recovery operations, or any entity conducting activities that would disturb the site in any manner, within the coordinates encompassing the Salvage Area.

7

COUNT IV

DECLARATORY JUDGMENT

30.     Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in Paragraphs 1 through 29.

31.     This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a).

32.     Defendant Shipwrecked Vessel is located on the submerged lands referred to herein as the Salvage Area.  This is an area located approximately 40 miles from Lands End near the English Channel beyond the territorial waters or contiguous zone of any sovereign nation.

33.     No government has the authority to interfere with Odyssey's exploration and/or recovery of the Defendant Shipwrecked Vessel, or to grant, condition or deny the right of Odyssey to do so within the waters of the Atlantic Ocean, beyond the territorial sea or contiguous zone of any sovereign nation ; and the Abandoned Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds, or the maritime law of salvage.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a)     that a Declaratory Judgment issue that the Abandoned Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds, or the maritime law of salvage.

(b)     that a Declaratory Judgment issue that no other government  has the jurisdiction or authority to interfere with exploration for and/or recovery of the Abandoned Shipwrecked Vessel, or to grant, condition or deny the right of Odyssey to do so within the waters of the Atlantic Ocean, beyond the territorial sea or contiguous zone of any sovereign nation.

8

(c)    that Odyssey be adjudged the true, sole and exclusive owner of the Abandoned Shipwrecked Vessel, and any items recovered therefrom;

(d)    in the alternative, should any claimant other than Odyssey be adjudged the owner of the Abandoned Shipwrecked Vessel, or any items recovered therefrom, that Odyssey be awarded a liberal salvage award, preferably in artifacts or specie, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage;

(e)    that Odyssey be adjudged as having the sole and exclusive right to conduct recovery operations on the Abandoned Shipwrecked Vessel, to preserve any artifacts recovered from the Abandoned Shipwrecked Vessel as either salvor-in-possession or finder-in-possession, without the interference of other third parties, and that any and all such interference be temporarily and permanently enjoined; and

(f)    that process *in rem* and/or *quasi in rem* and a Warrant of Arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against the aforesaid Defendant Abandoned Shipwrecked Vessel, and/or artifacts recovered from the Defendant Shipwrecked Vessel, with notice to all persons claiming an interest in Odyssey's ongoing recovery operations to appear and answer this Complaint and to show cause as to why the artifacts recovered from the Defendant Abandoned Shipwrecked Vessel by Odyssey and its associates should not be:

(i)    delivered to Odyssey as the sole and exclusive owner of said artifacts; or

(ii)    alternatively, sold or appropriately disposed of in satisfaction of any judgment in favor of Odyssey for a salvage award; and

9

(g)    that Odyssey may have such other and further relief as the justice of this cause may require.

DATED this ___15th___ day of September, 2006.

Respectfully submitted,

Allen von Spiegelfeld
Florida Bar No. 256803
FOWLER WHITE BOGGS BANKER P.A.
P. O. Box 1438
Tampa, Florida  33601
(813) 228-7411
(813) 229-8313 - Facsimile
avonsp@fowlerwhite.com
Attorneys for Plaintiff

10

## VERIFICATION

STATE OF FLORIDA

COUNTY HILLSBOROUGH

Before me, the undersigned authority, personally appeared this day _John C. Murris_ (Name), _CEO_ (Title), Odyssey Marine Exploration, Inc., who has produced _Personally Known_ as identification or is personally known to me, and who was duly sworn and says that he has read the foregoing Complaint and is familiar with its contents which are true to the best of his information and belief.

_____ (Signature)

_John C. Murris_ (Printed Name)

_CEO_ (Title)

SWORN TO AND SUBSCRIBED before me this _13_ day of September, 2006.

_____

Notary Public, State of Florida
at Large

PENNY CUBBEDGE GREENE
MY COMMISSION # DD 378351
EXPIRES: December 9, 2008
1-800-3-NOTARY    FL Notary Discount Assoc. Co.

11