IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL OR VESSELS, their apparel, tackle,
appurtenances and cargo located within center
point coordinates:

49° 25' N, 6° 00' W; Radius: 5 nautical miles

    in rem

    Defendant(s).
_____/

CIVIL ACTION

NO. 8:06-cv-1685-T23-TBM

## MOTION FOR ORDER DIRECTING CLERK TO ISSUE WARRANT OF ARREST IN REM

Plaintiff, the Odyssey Marine Exploration, Inc., pursuant to Rule C(3), Supplemental Rules for Certain Admiralty and Maritime Claims, moves the Court for an order directing the Clerk to issue a warrant of arrest in rem against the Unidentified Shipwrecked Vessel, its apparel, tackle, appurtenances and cargo located at coordinates: 49° 25' N, 6° 00' W; Radius: 5 nautical miles, as requested in the Complaint filed herein.

## MEMORANDUM IN SUPPORT

A Complaint was filed herein on September 13, 2006. It is alleged by the Plaintiff in the Complaint that Plaintiff Odyssey discovered the Defendant's Shipwrecked Vessel(s) in the summer of 2006, using sophisticated sonar and photographic equipment. Plaintiff Odyssey also used a surface-controlled remote operating vehicle to survey the wreck site and to take

photographic images. Furthermore, Odyssey returned to the wreck site and recovered artifacts associated with the wreck site including a portion of a glass bottle that will be delivered to the Court for the purpose of arresting a portion of the vessel and its appurtenances. Odyssey shall submit to the Court copies of the photo images and videotapes under seal and protective order if the Court so desires.

The Defendant Shipwrecked Vessel(s) rests on the sea floor at a depth of approximately 1000 feet. This area, which is referred to herein as the Salvage Area and is defined by the aforementioned latitude and longitude coordinates in the Plaintiff's Verified Complaint, is approximately 5 square miles in size. Plaintiff Odyssey believes that no other salvor has been or is working in these waters. Plaintiff Odyssey is the only party that knows the exact location of the wreck, and Odyssey has maintained actual, continuous and exclusive possession or occupancy of the wreck site to the extent this is possible.

The Defendant Shipwrecked Vessel(s) is believed to be that of a 17th century merchant. Odyssey is ready and able to conduct operations to explore and document the shipwreck, consistent with archeological protocols appropriate for this site, and to recover additional artifacts from the Defendant Shipwrecked Vessel(s).

Artifacts and objects recovered from the vessel will be turned over the United States Marshal for the Middle District of Florida for symbolic arrest in rem. Odyssey's survey and recovery operation has been, and will continue to be, conducted in accordance with all appropriate archeological protocols as appropriate for the site, and under direction of an experienced nautical archeologist. Once the recovery of artifacts begins, at the Court's discretion, an artifact can be turned over to the United States Marshal for arrest in rem. Any artifacts recovered from the Defendant Shipwrecked Vessel(s) will be recovered under the

jurisdiction of this Court and will be within the actual and/or constructive possession of this Court or its duly-appointed Substitute Custodian during the pendency of this action.

This Court has in personam jurisdiction over the Plaintiff. In addition, this Court has, or will have during the pendency of this action, jurisdiction over any potential claimant or competing salvor by virtue of their contacts to this forum; the nature of the Plaintiff's admiralty action; the relationship of the potential claimant and/or salvor to the Plaintiff, the forum and the cause of action; and/or under the principles of jurisdiction by necessity. This Court's exercise of jurisdiction over competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of the Defendant Shipwrecked Vessel(s); to allow the Plaintiff to continue its ongoing survey and recovery operations with interference; to bring the recovered artifacts within this District; and to prevent destruction of this Court's actual and potential jurisdiction.

Plaintiff, its associates, have invested substantial, money and effort in locating, surveying, photographing and researching the history of the Defendant Shipwrecked Vessel(s) and in planning and conducting the physical recovery of artifacts from the Defendant Shipwrecked Vessel(s).

By way of its Complaint, the Plaintiff asserts possessory and ownership claim pursuant to the Law of Finds. Plaintiff further asserts a salvage award claim pursuant to the law of salvage along with a claim for injunctive relief to protect the recovery operation. Lastly, Plaintiff asserts a declaratory judgment pursuant to 28 U.S.C. § 2201(a) declaring that the Plaintiff has the authority to explore and recover the Defendant Shipwrecked Vessel(s) without the interference of any other salvor, claimant, agency, department or instrumentality of any government, domestic or foreign, nor does any other such entity have the power to grant, condition or deny the right of Plaintiff Odyssey to do so within the Salvage Area.

Rule E(4)(f), Supplemental Rules for Certain Admiralty and Maritime Claims, entitles any person claiming an interest in the vessel to a prompt hearing.

WHEREFORE, Plaintiff, the Odyssey Marine Exploration, Inc., requests this Court to enter an order directing the Clerk to issue a warrant of arrest in rem against the Unidentified, Shipwrecked vessel, its apparel, tackle, appurtenances and cargo located within the coordinates: 49° 25' N, 6° 00' W; Radius: 5 nautical miles.

DATED this 15th day of September, 2006

Allen von Spiegelfeld
Florida Bar No. 256803
avonsp@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
813-228-7411
813-229-8313 - Facsimile
Attorneys for Plaintiff

#2274825v1