IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

**ODYSSEY MARINE EXPLORATION, INC.,**

    **Plaintiff,**                                          CIVIL ACTION

v.

**THE UNIDENTIFIED, SHIPWRECKED
VESSEL OR VESSELS, their apparel, tackle,
appurtenances and cargo located within center            NO. 8:06-cv-1685-T23-TBM
point coordinates:**

**49° 25' N, 6° 00' W; Radius: 5 nautical miles**

*in rem*

    **Defendant(s).**
_____/

## MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Pursuant to Local Admiralty Rule 7.05(k)(3), Plaintiff, Odyssey Marine Exploration, Inc., by and through its undersigned attorney, represents the following:

1. On September 13, 2006, Plaintiff initiated the above-styled action against an unidentified, shipwrecked vessel, its engines, apparel, tackle, appurtenances, furniture and furnishings, equipment and cargo.

2. On September ____, 2006, the Clerk of the District Court issued a Warrant of Arrest against the unidentified, shipwrecked vessel or vessels, its engines, apparel, tackle, appurtenances, furniture and furnishings, equipment and cargo, directing the U.S. Marshal to take custody of the vessel, and to retain custody of the said vessel pending further order of this Court.

3. Subsequent to the issuance of the Warrant of Arrest, the Marshal will take steps to immediately seize items retrieved from the unidentified wreck. Thereafter, continual custody by the Marshal will require the special knowledge relating to the preservation of antique artifacts.

4. Artifacts retrieved from the unidentified wreck are presently in Tampa, Florida, and, subject to the approval of the Court, the Substitute Custodian is prepared to provide security and take the steps necessary for the preservation of the artifacts of the vessel and for the safekeeping of the artifacts of the vessel at a cost substantially less than that presently required by the Marshal. The substitute custodian has also agreed to provide these services free of charge.

5. The substitute custodian has adequate facilities for the care, maintenance and security of the said artifacts.

6. Concurrent with the Court's approval of the Motion for Appointment of Substitute Custodian, Plaintiff, acting as the substitute custodian, will file a Consent and Indemnification Agreement in accordance with Local Admiralty Rule 7.05(k)(3)(B).

THEREFORE, in accordance with the representations set forth in this instrument, and subject to the filing of the indemnification agreement noted in paragraph 6 above, Plaintiff requests the Court to enter an order appointing Odyssey Marine Exploration, Inc. as the substitute custodian for the artifacts.

DATED this 15th day of September, 2006.

Allen von Spiegelfeld
Florida Bar No. 256803
avonsp@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P. O. Box 1438
Tampa, Florida 33601
813-228-7411
813-229-8313 - Facsimile
Attorneys for Plaintiff

#2274472v1