IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

**ODYSSEY MARINE EXPLORATION, INC.,**

      **Plaintiff,**

v.

**THE UNIDENTIFIED, SHIPWRECKED
VESSEL OR VESSELS, their apparel, tackle,
appurtenances and cargo located within center
point coordinates:**

**49° 25' N, 6° 00' W; Radius: 5 nautical miles**

*in rem*

      **Defendant(s).**
_____/

CIVIL ACTION

NO. 8:06-CV-1685-T23-TBM

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR APPOINTMENT AS SUBSTITUTE CUSTODIAN

1. My full name is John Morris. My legal address is 5215 West Laurel Street, Tampa, Florida 33607. I am competent to testify as to the matters covered in this affidavit.

2. I have served as President and Chief Executive Officer of Plaintiff, Odyssey Marine Explorations, Inc. (hereinafter referred to as "Odyssey"), for 12 years.

3. Odyssey is fully qualified to serve as the Substitute Custodian of the Defendant Shipwrecked Vessel(s). Odyssey has had many years of experience in the stabilization, conservation and curation of objects and artifacts recovered from ocean environments. Such objects and artifacts quickly degrade unless properly conserved. It is necessary also for purposes of fulfilling the appropriate archaeological protocols for a site such as this nineteenth century wreck that proper conservation of objects be performed.

4. Odyssey agrees to assume the responsibility of safekeeping the salvaged artifacts. This includes not only the proper stabilization, conservation and curation of objects and artifacts

recovered from the wrecksite but also the required cataloguing and recording of data for such objects and artifacts.

5. Odyssey has adequate liability insurance to respond in damages for loss of or injury to the said artifacts during said custody for damages sustained by third parties due to the negligence of Odyssey, its employees or agents committed during said custody.

6. All costs and expenses incidental to keeping of the said artifacts are to be assumed by Odyssey, and Odyssey understands that the United States Marshal does not assume any liability for any acts of the substitute custodian or any costs incurred incidental to this court-appointed custodianship.

7. Odyssey agrees to act as Substitute Custodian until further order of the Court.

FURTHER AFFIANT SAYETH NOT.

_____
(SIGNATURE)

John Morris
(TYPED NAMED)

STATE OF FLORIDA
COUNTY HILLSBOROUGH

Before me, the undersigned authority, personally appeared this day SEPTEMBER 14, 2006 who has produced NONE (PERSONALLY KNOWN) as identification or is personally known to me, and who was duly sworn and says that the foregoing is true and correct to the best of his/her information and belief.

SWORN TO AND SUBSCRIBED before me this 14 day of SEPT., 2006.

_____
Notary Public, State of Florida
at Large

#2274470v1



BETSY W MARRERO
Comm# DD0374815
Expires 11/28/2008
Bonded thru (800)432-4254
Florida Notary Assn., Inc