IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

**ODYSSEY MARINE EXPLORATION, INC.,**

    **Plaintiff,**

v.                                                                     Case No. 8:06-cv-1685-T-23TBM

**THE UNIDENTIFIED, SHIPWRECKED
VESSEL OR VESSELS,** their apparel, tackle,
appurtenances and cargo located within center
point coordinates:
49°25'N, 6°00'W; Radius: 5 nautical miles
*in rem,*

    **Defendant(s).**
_____/

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

AND NOW, this 15th day of September 2006, upon consideration of Plaintiff Odyssey Marine Exploration, Inc.'s ("Odyssey") Motion (Doc. 4) to be appointed Substitute Custodian of the Defendant Shipwrecked Vessel, lying in approximately 100 meters depth, located beyond the territorial waters or contiguous zone of any sovereign nature, it is hereby ORDERED as follows:

    1.    The Court finds that (a) Odyssey is duly qualified to serve as the Substitute Custodian of the artifacts recovered from the Defendant Shipwrecked Vessel; (b) Odyssey has agreed to assume the responsibility of safekeeping the salvaged artifacts; and (c) Odyssey has agreed to act as Substitute Custodian until further Order of the Court.

Odyssey Marine Exploration, Inc. v. The Unidentified, Shipwrecked Vessel or Vessels     Doc. 5

2. The United States Marshal for the Middle District of Florida be, and he hereby is, authorized and directed to surrender possession thereof to the Substitute Custodian named herein, Odyssey Marine Exploration, Inc., and that upon such surrender, the Marshal shall be discharged from the duties and responsibilities for the safekeeping of said Vessel and held harmless by any party for any and all claims arising whatsoever out of said substitute possession and safekeeping.

3. Odyssey is appointed the Substitute Custodian of the Defendant Shipwrecked Vessel and any artifacts recovered therefrom. Odyssey shall retain the same in custody for possession and safekeeping until further order of this Court. Any Marshal's costs, if any, shall be paid prior to the release of said property and that the Substitute Custodian receipt for the property and the Marshal attest to the date anytime of release on a certified copy thereof.

**Done and Ordered** at Tampa, Florida, this 15th day of September 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE