IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division
In Admiralty

| | | |
|---|---|---|
| ODYSSEY MARINE EXPLORATION, INC. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | Case No: 8:06-CV-01685-SDM-TBM |
| THE UNIDENTIFIED SHIPWRECKED VESSEL | : | |
| its apparel, tackle, appurtenances and | : | |
| cargo located within center | : | |
| point coordinates: 49° 25' N, 6° 00' W; | : | |
| Radius: 5 nautical miles, | : | |
| | : | |
| Defendant; | : | |
| *in rem* | : | |
| and | : | |
| | : | |
| The Kingdom of Spain, | : | |
| | : | |
| Claimant. | : | |
| _____/ | : | |

## AMENDED VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by and through

its undersigned counsel, in response to the Opposed Motion of Claimant Kingdom of

Spain ("Claimant") for a More Definite Statement hereby states that it does not object to

Claimant's Motion and in response thereto files this, its Amended Complaint in rem

against the Unidentified Shipwrecked Vessel, its apparel, tackle, appurtenances, and

cargo (hereinafter, "Unidentified Shipwrecked Vessel ") located within the center point

coordinates 49° 25' N, 6° 00' W; Radius: 5 nautical miles, and the attached

1

Dockets.Justia.com

documentation including the Sworn Statement of Gregory P. Stemm, Odyssey's
Cofounder, and attachments thereto.

I.

THE PARTIES

1.       Odyssey is a Nevada corporation with its principal place of business at

5215 West Laurel St., Tampa, Florida 33607. Odyssey is engaged in the business

of deep ocean exploration and the recovery of shipwrecks around the world.

2.       The Unidentified Shipwrecked Vessel rests at a depth of approximately

100 meters deep, beyond the territorial waters or contiguous zone of any

sovereign nation, approximately 40 miles from Lands End near the English

Channel. Evidence at the Unidentified Shipwrecked Vessel indicates that efforts,

if any, by any previous owner to salvage the Unidentified Shipwrecked Vessel

and/or its cargo have been long since abandoned.

3.       Claimant herein, Spain, filed a Verified Claim on May 30, 2007, (Dkt. 24)

stating in part that "the Kingdom of Spain has not abandoned its ownership rights

and other rights in sunken vessels of the Kingdom of Spain, in vessels sunk while

in the service of the Kingdom of Spain, and in cargo or other property of the

Kingdom of Spain on or in sunken vessels." Claimant, Spain's Verified Claim

does not assert a basis for any claim specific to this Unidentified Shipwrecked

Vessel.

II.

JURISDICTION AND VENUE

4.       This is a case of admiralty and maritime jurisdiction stating a maritime

2

claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and D as hereinafter more fully appears. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333. In addition, the Court has in personam jurisdiction over the Plaintiff and constructive quasi in rem jurisdiction over the Unidentified Shipwrecked Vessel.

5.    This Court has, or will have during the pendency of this action, jurisdiction over any potential claimant including Claimant, Spain, and/or competing salvors by virtue of its contacts to this forum; the nature of the Plaintiff's admiralty action; the relationship of the potential claimant and/or salvor to the Plaintiff, the submission of a claim (such as that of Spain) by any potential claimant in this forum; and/or under the principles of jurisdiction by necessity.

6.    This Court's exercise of jurisdiction over Spain and other competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of the Unidentified Shipwrecked Vessel; to allow the Plaintiff to continue to pursue its ongoing survey and recovery operations without interference; to bring the recovered artifacts within this District; and to prevent destruction of this Court's actual and potential jurisdiction.

7.    Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391 and Local Rule 3(A) and (B)(3). Plaintiff's principal place of business is located in this District, and the artifacts recovered from the Unidentified Shipwrecked Vessel have been brought within the District and are undergoing appropriate conservation and preservation efforts.

III.

PROCEDURAL BACKGROUND

8.       On September 13, 2006, Odyssey filed the initial Verified Complaint In

Admiralty In Rem (Dkt. 1) against the Defendant in this case.  Odyssey also

turned over to the U.S. Marshal a portion of a glass bottle recovered from the

Unidentified Shipwrecked Vessel for the symbolic arrest of the Unidentified

Shipwrecked Vessel.

9.       On September 15, 2006, this Court entered the Order Appointing

Substitute Custodian (Dkt. 5) and found that Odyssey was duly qualified to serve

as the Substitute Custodian of the glass bottle piece and other artifacts recovered

from the Unidentified Shipwrecked Vessel.

10.       On September 15, 2006 this Court issued an Order Directing the Issuance

of a Warrant of Arrest (Dkt. 6).

11.       On October 30, 2006, this Court granted Odyssey's Motion for

Preliminary Injunction (Dkt. 19) enjoining all other persons or entities from

interfering with the Plaintiff's exclusive finder's rights or from engaging in any

salvage or recovery operations.

12.       On May 30, 2007, Claimant, the Kingdom of Spain filed its Verified

Claim (Dkt. 19). Again, Spain's claim does not assert a basis for any claim

specific to this Unidentified Shipwrecked Vessel.

13.       On June 15, 2007 the Kingdom of Spain filed its (1) Unopposed Motion

for an Order Vacating the Default Judgment and Deeming the Kingdom of

Spain's Verified Claim as Timely Submitted, and (2) Opposed Motion for an

4

Order Requiring Plaintiff to Provide a More Definite Statement and Access to Relative Information Before the Kingdom of Spain Files its Responsive Pleading (Dkt. 28).

14.     On June 26, 2007, Odyssey filed its Unopposed Motion for an Extension of Time in which to respond to the Motion, (Dkt. 29) and on June 28, 2007, this Court granted the Motion (Dkt. 30) giving Odyssey until July 23, 2007 to file a response.

15.     Odyssey filed a Motion for Extension on July 23, 2007, (Dkt. 31) and this Court entered an Endorsed Order (Dkt. 32) granting Odyssey's Motion and giving Odyssey until August 6, 2007 to file its response.

III.

FACTS

16.     The Unidentified Shipwrecked Vessel rests on the sea floor at a depth of approximately 100 meters deep, in the Atlantic Ocean near the English Channel, beyond the territorial waters or contiguous zone of any sovereign nation.  The Unidentified Shipwrecked Vessel's position is located within a five mile radius of an area defined by the center point coordinates referenced herein.  Upon information and belief, no other salvor is currently working on this Unidentified Shipwrecked Vessel.  Odyssey is aware of no operations other than those by Odyssey which have been conducted during the past two years of Odyssey's operations in the general area, and to the best of Odyssey's knowledge, no salvor has sought to protect an interest in the Unidentified Shipwrecked Vessel through an arrest.

17.        Odyssey located the Unidentified Shipwrecked Vessel in the summer of

2006 using sophisticated sonar and photographic equipment. Odyssey has

recovered articles from the Unidentified Shipwrecked Vessel and is ready and

able to conduct further operations to explore and document the shipwreck,

consistent with archaeological protocols appropriate for this Unidentified

Shipwrecked Vessel, and to recover additional artifacts from the Defendant

Unidentified Shipwrecked Vessel.

18.        When Odyssey first filed the initial Complaint, it had surveyed the wreck

site and had begun an archaeological pre-disturbance survey taking video and

photographs of the Unidentified Shipwrecked Vessel. At the time, Odyssey

believed it to be that of a 17th century merchant vessel. Since the arrest, Odyssey

has found no evidence which would contradict that theory.

19.        Subsequent to this Court's order granting Odyssey salvor/finder in

possession status and appointing Odyssey as Substitute Custodian, Odyssey found

and safely transported several artifacts from the Unidentified Shipwrecked Vessel

which are undergoing conservation according to strict archaeological protocols.

Odyssey has prepared a Preliminary Site Assessment (hereinafter, "PSA")

regarding the Unidentified Shipwrecked Vessel and the artifacts recovered and

will present that to the Court under seal. Odyssey files herewith its Motion for

Protective Order which references the PSA and the need for assurance prior to

filing that the PSA will be kept confidential. Nothing recovered to date from the

subject Unidentified Shipwrecked Vessel confirms an interest in the artifacts of

any third party including the Kingdom of Spain. Odyssey is prepared to release

information from the PSA as directed by the Court to Claimant, Spain, however, given that Odyssey has found no evidence which would confirm the identity of a ship or an interest of Spain or any other third party in this particular site, Odyssey submits that there is nothing which would require that the Kingdom of Spain or any other third party be given any more specific information other than what is contained in this Amended Complaint and the Exhibits which are part of the public record. When and if Odyssey discovers evidence which confirms that the wreck is that of a particular ship, Odyssey will properly give notice to any third party with a potential interest.

20.     Odyssey's survey and recovery operation has been, and will continue to be, conducted in accordance with all appropriate archaeological protocols and under the direction of an experienced nautical archaeologist.

21.     Odyssey, its agents and associates, have invested substantial time, money and effort in locating, surveying and photographing the Unidentified Shipwrecked Vessel, and in planning the archaeological recovery of the artifacts from the Unidentified Shipwrecked Vessel.

22.     Odyssey, its agents and associates, have been actively, voluntarily and successfully engaged in the process of reducing artifacts from the Unidentified Shipwrecked Vessel to the Plaintiff's exclusive custody, possession, dominion and control, as circumstances permit, and Odyssey has the present ability and intention to continue to do so during the pendency of this action.

23.     Odyssey's recovery of artifacts from this and other sites has been the subject of intense international media attention especially in Spain. Many

Spanish media reports have been filled with inaccuracies including false claims that artifacts were recovered illegally from Spanish territorial waters. As a result of the false reports, and despite Odyssey's continued assurance that no artifacts have been recovered anywhere near Spanish territorial waters, Odyssey became the subject of a criminal investigation in Spain. In fact, Odyssey became aware through the Spanish press that Spanish authorities would intercept and inspect Odyssey's vessels (the *Ocean Alert* and the *Odyssey Explorer*) if they attempted to depart Gibraltar where they were docked. Odyssey's attorneys were denied access to the order, however, and were told that the order was "secret." Odyssey's attempts to appear in its defense were unsuccessful. Thus, Odyssey prepared a Sworn Statement of Gregory P. Stemm, Odyssey's Cofounder, explaining Odyssey's actions and the facts surrounding the arrest, the recovery, and the subsequent claims and baseless detention of Odyssey's ships by Spain. (A copy of the Sworn Statement including all Exhibits is attached hereto).

24.      Despite the fact that Odyssey provided the Sworn Statement and further information regarding its recovery to Spanish officials, and despite the assurance of the Spanish criminal judge (Judge Juan Jose Navas Blanquez sitting in substitution of the Judge for  the Number Three First Instance and Preliminary Investigating Court of La Linea de la Concepcion and district – a different judge from the one who signed the original  "secret order"), that Odyssey's vessels would not be boarded without the consent of the Master or forcibly taken to a Spanish port, on July 12, 2007, while Odyssey was moving its vessel the *Ocean Alert* from Gibraltar, and while the vessel was in international waters, Spain

boarded the vessel under protest from the Master and illegally seized the vessel

forcing it into the Spanish port of Algeciras.  Having alerted the Spanish media to

the boarding and seizure, Spanish authorities paraded the *Ocean Alert* along the

coastline for photograph and video opportunities.  Additionally, despite her

protests, officials seized the personal computer of one of Odyssey's attorneys,

Marie Rogers, and illegally copied all attorney/client privileged information

regarding Odyssey and other clients.  As of the date of this Amended Complaint,

the computer has been returned without the hard drive. The original hard drive

and copy are retained in the custody of the court.  A formal complaint and request

for the return of the hard drive and all copies taken has been made to the court and

is currently pending decision by the Judge as to the legitimacy of the seizure of

the laptop.

Once in Algeciras, Odyssey's crew and attorneys were forced by the

Spanish officials to sit in the scalding sun for approximately seven hours without

food or water or use of the restroom.  Their passports were taken (but returned

later that day) as were all of their electronic equipment (of which the hard drives

have been removed and only the empty laptops returned).  The *Odyssey Explorer*

remains blockaded in Gibraltar by virtue of the criminal order and threatened

seizure by Spain.  Odyssey's rights granted by this Court to continue its recovery

have been restricted by Spain, and Odyssey's damages as a result of Spain's

conduct are extensive.

IV.

PLAINTIFF'S CLAIMS

COUNT I

POSSESSORY AND OWNERSHIP CLAIM
PURSUANT TO THE LAW OF FINDS

25.        Plaintiff incorporates herein by reference, as though fully set forth herein,

the allegations set forth above in paragraphs 1 through 24.

26.        This count arises under Supplemental Admiralty Rule D and the general

maritime law.

27.        The Plaintiff is, by virtue of its exclusive possession, dominion and

control of the Unidentified Shipwrecked Vessel, in possession of the artifacts

recovered from the Unidentified Shipwrecked Vessel, and has taken such actions

as are necessary to constitute continued possession, dominion and control of the

Unidentified Shipwrecked Vessel and the recovered artifacts.

28.        As there is no extant owner of the Unidentified Shipwrecked Vessel or its

artifacts, Odyssey is entitled to an adjudication of title and ownership in the

Unidentified Shipwrecked Vessel, and her artifacts, and the right to continue

recovery of the Unidentified Shipwrecked Vessel and her artifacts without the

interference of any other salvor, claimant, agency, department or instrumentality

of any government, domestic or foreign.

COUNT II

SALVAGE AWARD CLAIM
PURSUANT TO THE LAW OF SALVAGE

29.        Plaintiff incorporates by reference, as though fully set forth herein, the

allegations, set forth above in paragraphs 1 through 28.

30.     This count arises under Supplemental Admiralty Rule C and the general maritime law as salvage services constitute a preferred maritime lien.

31.     The Unidentified Shipwrecked Vessel and her artifacts are subject to maritime peril and are in an utterly helpless condition from which they could not be rescued without the voluntary and successful services of Odyssey, its agents and associates.

32.     Plaintiff is under no legal obligation or official duty to render salvage services to the Unidentified Shipwrecked Vessel.

33.     Plaintiff's voluntary services have been and will continue to be successful in rescuing and/or helping to rescue artifacts from the Unidentified Shipwrecked Vessel in order to investigate and research the Unidentified Shipwrecked Vessel, to preserve and display artifacts of historical and archaeological significance, and to return recovered portions to the stream of commerce from which they were lost.

34.     Plaintiff, by virtue of services performed, the private risk capital expended, and the time spent and danger incurred in finding and recovering artifacts from the Unidentified Shipwrecked Vessel, is entitled to a liberal salvage award for such services.

COUNT III

DECLARATORY JUDGMENT

35.     Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in Paragraphs 1 through 34.

11

36.         This is an action for a Declaratory Judgment pursuant to 28 U.S.C. §

2201(a).

37.         The Unidentified Shipwrecked Vessel is located on the submerged lands,

located in an area approximately 40 miles from Lands End in the Atlantic Ocean

near the English Channel.  This is in an area located beyond the territorial waters

or contiguous zone of any sovereign nation.

38.         No government, individual and/or corporation has the authority to

interfere with Odyssey's exploration and/or recovery of the Unidentified

Shipwrecked Vessel, or to grant, condition or deny the right of Odyssey to do so

within the waters of the Atlantic Ocean, beyond the territorial sea or contiguous

zone of any sovereign nation; and the Unidentified Shipwrecked Vessel is subject

to the admiralty laws of abandonment and the law of finds, or the maritime law of

salvage.

COUNT  IV

CLAIM OF EQUITABLE RELIEF FOR
*QUANTUM MERUIT*, UNJUST ENRICHMENT AND ALLIED THEORIES

39.         Plaintiff incorporates herein by reference, as though fully set forth herein,

the allegations set forth in paragraphs 1 through 38.

40.         This cause of action is pled in the alterative to Count II.  This cause of

action seeks equitable relief, which is within the grounds of relief available to a

federal district court sitting in admiralty.  This count is pendent with the

remaining causes of action.  To the extent that a separate basis of jurisdiction is

required to sustain this count, Plaintiff alleges a diversity of citizenship of the

parties and that the jurisdictional amount of at least $75,000, as per 28 U.S.C. §

12

1332(a), has been satisfied here. Additionally, insofar as a foreign sovereign may properly appear in this admiralty action as a claimant, as per 28 U.S.C. §§ 1605, 1607, this Court would have jurisdiction to adjudicate this count.

41.        In the event a claimant successfully asserts ownership to all or part of the Unidentified Shipwrecked Vessel, cargo, or effects, and also successfully disclaims or refuses Plaintiff's salvage rights for the relevant part of the Unidentified Shipwrecked Vessel, cargo, or effects, Plaintiff will have incurred substantial costs and expense for the recovery, stabilization, conservation, curation, identification, and protection of the vessel, cargo, and effects, all of which costs and expenses were incurred reasonably and in good faith by Plaintiff.

42.        Recovery of the Unidentified Shipwrecked Vessel and any artifacts therefrom as well as evidence which would support any claimant's interest in the Unidentified Shipwrecked Vessel would necessarily stem from Plaintiff's efforts in recovering and identifying the Unidentified Shipwrecked Vessel and artifacts. But for the Plaintiff's efforts and the costs and expenses associated therewith, there would be no recovery and no basis for proof of an interest.

43.        These costs and expenses, both direct and indirect, as incurred by Plaintiff should be reimbursed and compensated in full by a successful claimant in order to avoid an unjust enrichment on the part of that claimant, and also on grounds of quantum meruit inuring in favor of the Plaintiff. Plaintiff would also be entitled to equitable relief based on other equitable theories.

44.        This Court should determine the reasonable costs and expenses incurred by Plaintiff, both direct and indirect, as attributable to the recovery, stabilization,

conservation, curation, identification, and protection of the vessel, cargo, and effects, on behalf of any successful claimant within the purview of this count. This Court should grant an equitable, *in specie* award to Plaintiff, compensating and reimbursing it for its reasonable costs and expenses, to be charged against any property which a successful claimant might receive by order of this Court.

COUNT V

CLAIM FOR DAMAGES SPECIFIC TO CLAIMANT, SPAIN

45.    Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations set forth in paragraphs 1 through 44.

46.    In addition to the equitable relief requested in Count IV, and irrespective of whether Spain ultimately prevails in its claim against the Unidentified Shipwrecked Vessel, Plaintiff requests this court grant affirmative relief in its favor against Claimant, Spain based upon its tortious conduct more specifically described in paragraph 24 and its active interference with Odyssey's possessor rights.

47.    Based upon this Court's order, granting Odyssey rights and in possession status over the subject Unidentified Shipwrecked Vessel, Spain has a duty to refrain from interfering with Odyssey's activities related to the Unidentified Shipwrecked Vessel.

48.    Spain has clearly interfered with Odyssey's rights and has caused Odyssey extensive damages including but not limited to:

    (a)    costs associated with the forced detention and blockade of Odyssey's vessels in Gibraltar, including but not limited to actual costs and lost

14

opportunity;

       (b)     costs and expenses related to Odyssey's defense against the baseless criminal order issued in Spain;

       (c)     costs related to the illegal boarding and seizure of the *Ocean Alert* including the seizure of personal items from Odyssey's crew and Odyssey's attorney;

       (d)     damages related to any unlawful use or publication of privileged information seized by Spain;

       (e)     damages as a result of the unlawful, unfair, and inhumane treatment of Odyssey's crew and attorneys; and

       (f)     damages for loss of reputation caused by Spain's activities and statements made in public by Spanish authorities including the Minister of Culture against Odyssey without any factual or legal basis.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for relief as follows:

       (a)     that a Declaratory Judgment issue that the Defendant Unidentified Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds, or the maritime law of salvage.

       (b)     that a Declaratory Judgment issue that no government has the jurisdiction or authority to interfere with exploration for and/or recovery of the Unidentified Shipwrecked Vessel, or to grant, condition or deny the right of Odyssey to do so within the waters of the Atlantic Ocean, beyond the territorial sea or contiguous zone of any sovereign nation.

(c)    that Odyssey be adjudged the true, sole and exclusive owner of the Unidentified Shipwrecked Vessel and any items recovered therefrom;

(d)    in the alternative, that should Spain or any claimant other than Odyssey be adjudged the owner of the Unidentified Shipwrecked Vessel and/or a Shipwrecked Vessel which may be found to be related to the Unidentified Shipwrecked Vessel, or any items recovered therefrom, that Odyssey be awarded a liberal salvage award, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage;

(e)    that Odyssey be adjudged as having the continued sole and exclusive right to conduct recovery operations on the Unidentified Shipwrecked Vessel, to preserve any artifacts recovered from the Unidentified Shipwrecked Vessel as either salvor-in-possession or finder-in-possession, without the interference of other third parties; and

(f)    that any third party, including Spain, asserting an interest or filing a Verified Claim in response to this Amended Complaint give strict proof of its interest and show cause as to why the artifacts recovered from the Unidentified Shipwrecked Vessel by Odyssey and its associates should not be:

(1.)    delivered to Odyssey as the sole and exclusive owner of said artifacts; or

(2.)    alternatively, sold or appropriately transferred in satisfaction of any judgment in favor of Odyssey for a salvage award; and

(g)    that in the event a claimant successfully asserts ownership to all or part of the Unidentified Shipwrecked Vessel and related Unidentified Shipwreck, if any,

16

its cargo, or effects, and also successfully disclaims or refuses Plaintiff's salvage rights

for the relevant part of the Unidentified Shipwrecked Vessel, cargo, or effects, Plaintiff

should receive an equitable, *in specie* award to fully reimburse and compensate it for all

costs and expenses, both direct and indirect, for the recovery, stabilization, conservation,

curation, and protection of the Unidentified Shipwrecked Vessel.

(h)    that damages be awarded in favor of Odyssey, against Claimant,

Spain.

(i)    that Odyssey may have such other and further relief as the justice

of this cause may require.

Respectfully submitted,

Dated:  August 6, 2007

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313
Attorneys for Plaintiff

## VERIFICATION

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

Before me, the undersigned authority, personally appeared this day

Melinda MacConnel, General Counsel, Odyssey Marine Exploration, Inc., who has

produced _____N/A_____ as identification or is personally known to me,

and who was duly sworn and says that she has read the foregoing Amended Complaint

and is familiar with its contents which are true to the best of her information and belief.

_____ (Signature)

_Melinda J. MacConnel_ (Printed Name)

_General Counsel_ (Title)

SWORN TO AND SUBSCRIBED before me this _6th_ day of August,

2007.

_____ (Signature)

Notary Public, State of Florida
At Large

BETSY W MARRERO
Comm# DD0374815
Expires 11/28/2008
Bonded thru (800)432-4254
Florida Notary Assn., Inc

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004, Attorneys for Claimant, Kingdom of Spain.

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313
Attorneys for Plaintiff