IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

**ODYSSEY MARINE EXPLORATION, INC.,**

    **Plaintiff,**

                                            CIVIL ACTION

v.                                      Case No. 8:06-CV-1685-SDM-TBM

**THE UNIDENTIFIED, SHIPWRECKED
VESSEL OR VESSELS,** their apparel, tackle,
appurtenances and cargo located within center
point coordinates: 49° 25'N, 6° 00'W;
Radius: 5 nautical miles,

in rem,

    **Defendant(s).**
_____/

NOTICE OF WITHDRAWAL OF OPPOSED MOTION
TO TRANSFER RELATED CASES AND NOTICE
OF FILING OF AMENDED MOTION TO TRANSFER

    Claimant-Movant Kingdom of Spain ("Spain") hereby withdraws its August 15, 2007 Opposed Motion for Transfer of Related Cases filed in this case. Claimant Spain hereby gives notice that it has filed in Cases 8:07-CV-00614-SCB-MAP and 8:07-CV-00616-JSM-MSS an Amended Opposed Motion to Transfer those cases to this Court. A copy of such Amended Motion to Transfer is filed herewith.

DC: 2596376-1                                                                                             446665.01

Dockets.Justia.com

Respectfully submitted on August 16, 2007,

James A. Goold
District of Columbia Bar # 430315
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

s/ David C. Banker
David C. Banker
Florida Bar # 352977
Bush Ross, PA
220 S. Franklin Street
P.O. Box 3913
Tampa, Florida 33601-3913
Telephone: (813) 224-9255
Fax: (813) 223-9255
E-mail: dbanker@bushross.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 16, 2007, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following: Allen von Spiegelfeld, Attorney of Record for Plaintiff, Fowler White Boggs Banker P.A., P.O. Box 1438, Tampa, FL 33601. I further certify that I am providing copies of the foregoing to the above-named parties via facsimile.

        s/ David C. Banker
        David C. Banker
        Florida Bar # 352977
        Bush Ross, PA
        220 S. Franklin Street
        P.O. Box 3913
        Tampa, Florida 33601-3913
        Telephone: (813) 224-9255
        Fax: (813) 223-9255
        E-mail: dbanker@bushross.com

446665.01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

**ODYSSEY MARINE EXPLORATION, INC.,**

    **Plaintiff,**

v.

**THE UNIDENTIFIED SHIPWRECKED
VESSEL,** its apparel, tackle,
appurtenances and cargo located within
center point coordinates:
(to be provided to the Court under seal)

in rem,

    **Defendant.**
_____/

CIVIL ACTION

Case No. 8:07-CV-00614-SCB-MAP


**ODYSSEY MARINE EXPLORATION, INC.,**

    **Plaintiff,**

v.

**THE UNIDENTIFIED SHIPWRECKED
VESSEL,** its apparel, tackle,
appurtenances and cargo located within
center point coordinates:
(to be provided to the Court under seal)

in rem,

    **Defendant(s).**
_____/

CIVIL ACTION

Case No. 8:07-CV-00616-JSM-MSS

**AMENDED AND REFILED MOTION OF KINGDOM
OF SPAIN FOR TRANSFER OF RELATED CASES**

Claimant, Kingdom of Spain ("Spain"), by and through its undersigned counsel, hereby moves for transfer of related cases <u>Odyssey Marine Exploration v. Unidentified Shipwreck Vessel</u>, Case Nos. 8:07-CV-00614-SCB-MAP and 8:07-CV-00616-JSM-MSS to the Honorable Steven D. Merryday as the judge presiding over Case No. 8:06-CV-16854-T23-TBM, the first-filed among the related cases, pursuant to Local Rule 1.04(b). In accordance with Local Rule 1.04(b), Spain is simultaneously giving notice in Case No. 8:6-CV-1685-T23-TBM and filing copies of this motion in that case. Counsel for Spain has conferred with counsel for Odyssey and has been advised that the motion is opposed.

Spain respectfully submits transfer of the related cases to the supervision of one judge would avoid "duplication in the[ir] prosecution or resolution . . . ." Local Rule 1.04(b). Transfer would be in the interests of justice and judicial economy, and would avoid potentially conflicting rulings on common questions of law and/or fact. For these reasons, as discussed in more detail below, Spain respectfully requests that this motion be granted.

**MEMORANDUM OF LAW**

Each of these cases was filed in the U.S. District Court for the Middle District of Florida by Plaintiff Odyssey Marine Exploration ("Odyssey") as an <u>in rem</u> admiralty case under Federal Rule of Civil Procedure 9(h) and Supplemental Rules C and D. <u>See</u> Odyssey's Verified Complaint in Admiralty *in Rem* ¶ 3 (Sept. 13, 2006) (Case No. 8:06-CV-01685-SDM-TBM); Verified Complaint in Admiralty *in Rem* ¶ 3 (Apr. 9, 2007) (Case No. 8:07-CV-0616-JSM-MSS); Verified Complaint in Admiralty in Rem ¶ 3 (Apr. 9, 2007) (Case No. 8:07-CV-00614-SCB-MAP). In each case, Odyssey filed parallel claims against a Defendant Shipwrecked

Vessel(s) located in European waters, far outside the United States,[1] on a theory of in rem and/or quasi in rem jurisdiction.

In each case, Spain filed a parallel Verified Claim asserting sovereign ownership and other rights in the res and affirming Spain's refusal of salvage, for which it had previously put would-be U.S. salvors on notice. See Spain's Verified Claim (May 29, 2007) (Case No. 8:06-CV-01685-SDM-TBM); Verified Claim (May 29, 2007) (Case No. 8:07-CV-0616-JSM-MSS); Verified Claim (May 30, 2007) (Case No. 8:07-CV-00614-SCB-MAP). In each case, in June 2007, Spain filed Motions for More Definite Statement and other relief.[2] In response to these motions, on August 6, 2007, Odyssey filed Amended Complaints that assert at least five identical claims or causes of action. Two of the amended complaints (those filed in Case Nos. 8:07-CV-0616-JSM-MSS and Case No. 8:07-CV-00614-SCB-MAP) also contain an identical claim for injunctive relief. Parallel motions for preliminary injunctive relief were filed in these two cases (Case Nos. 8:07-CV-0616-JSM-MSS and Case No. 8:07-CV-00614-SCB-MAP). Parallel motions for identical protective orders were filed in all three cases. In each of the cases for

---

[1] The res at issue in Case No. 8:06-CV-01685-SDM-TBM, before Judge Merryday, is alleged to be a shipwreck located south of England. See Verified Complaint in Admiralty *in Rem* ¶ 2. The res at issue in Case No. 8:07-CV-0616-JSM-MSS, assigned to Judge Moody, is alleged to be a shipwreck located southeast of Sardinia, Italy. See Verified Complaint in Admiralty *in Rem* ¶ 2. The res at issue in Case No. 8:07-CV-00614-SCB-MAP, assigned to Judge Bucklew, is alleged to be at a location west of Cádiz, Spain. See Verified Complaint in Admiralty in Rem ¶ 2 ("Defendant Shipwrecked Vessel is lying at . . . approximately 100 miles west of the Straits of Gibraltar.").

[2] See Unopposed Motion to Vacate Default Judgment and Deeming the Kingdom of Spain's Verified Claim as Timely Submitted, and Opposed Motion for an Order Requiring Plaintiff to Provide a More Definite Statement and Access to Relevant Information Before the Kingdom of Spain Files Its Responsive Pleading (June 15, 2007) (Case No. 8:06-CV-01685-SDM-TBM); Motion for More Definite Statement and Related Relief (June 19, 2007) (Case No. 8:07-CV-0616-JSM-MSS); Motion for More Definite Statement and/or Other Relief (June 19, 2007) (Case No. 8:07-CV-00614-SCB-MAP).

which transfer is moved, Spain's responses are due on or before September 19, 2006. Each case is thus at a parallel procedural stage.[3]

Odyssey's August 6 filings in response to Spain's Motions for More Definite Statement and other relief bring home that the cases share intertwined, complex, and often identical questions of law and fact. As examples:

- In each case, Odyssey's Amended Complaint asserts at least five identical causes of action or counts, with each Amended Complaint adding counts that include in personam claims, presenting parallel questions of in rem versus in personam jurisdiction and process, sovereign immunity, see Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1603 et seq. (2000), and the act of state doctrine, see Glen v. Club Méditerranée, S.A., 450 F.3d 1251 (11th Cir. 2006) (discussing and applying the doctrine), with broad international implications.

- In each case, the Amended Complaint filed by Odyssey continues to fail to identify the Defendant Shipwrecked Vessel with reasonable particularity as required by Supplemental Rules C and E. Spain anticipates that it will file renewed motions to dismiss in each case on legal grounds that include failure to state a claim under these rules and other legal grounds that will be parallel in each of the cases.

---

[3] On May 30, 2007, the Court entered a default order and administratively closed Case No. 8:06-CV-01685-SDM-TBM. However, pending in that case is an unopposed motion by Spain to vacate the default order and reopen proceedings. See Unopposed Motion to Vacate Default Judgment and Deeming the Kingdom of Spain's Verified Claim as Timely Submitted, and Opposed Motion for an Order Requiring Plaintiff to Provide a More Definite Statement and Access to Relevant Information Before the Kingdom of Spain Files Its Responsive Pleading (June 15, 2007). Odyssey has filed, in that case, as noted, an Amended Complaint and a motion for a protective order in response to Spain's motion that is parallel to these cases. See Docket Entries 37 and 38.

- 4 -

- Apart from whether Odyssey has pleaded legally sufficient claims that facially comply with Supplemental Rules C and E, equally sensitive and far-reaching questions can be anticipated concerning, <u>inter alia</u>, (i) the <u>in rem</u> jurisdiction of the courts over shipwrecks in European waters; (ii) sovereign immunities of other nations from <u>in personam</u> claims, arrest, or claims against sovereign property; (iii) the rights and immunities of sovereign nations (and owners in general) to prevent unauthorized salvage; (iv) the rights of sovereigns to protect cultural and historical heritage, and to protect gravesites of their personnel and citizens; and (v) U.S. treaty obligations and policies for the protection of sunken vessels of other nations and international reciprocity in the protection of sunken sovereign property. <u>See</u> <u>Sea Hunt, Inc. v. Unidentified Shipwrecked Vessel or Vessels</u>, 221 F.3d 634, 643, 647 (4th Cir. 2000) (stating that claims against sunken Spanish vessels present "sensitive matters of international law" and upholding Spain's refusal of salvage regarding ownership of and court-ordered return of artifacts taken from Spanish vessels).

- Odyssey's <u>in personam</u> claim for damages filed in each of the cases and claims for injunctive relief filed in two of the cases purport to seek remedies relating to orders of a Spanish court in the exercise of criminal-law authority under Spanish law.[4] By these claims, Odyssey seeks to have the courts of this District sit in judgment on the exercise by another nation's judges of their criminal law

---

[4] <u>See</u> Odyssey's Amended Verified Complaint in Admiralty ¶¶ 23-24, 45-48 (Aug. 6, 2007) (Case No. 8:06-CV-01685-SDM-TBM); Amended Verified Complaint in Admiralty ¶¶ 22-23, 34-37, 48-51 (Aug. 6, 2007) (Case No. 8:07-CV-0616-JSM-MSS); Amended Verified Complaint in Admiralty ¶¶ 22-23, 34-37, 48-51 (Aug. 6, 2007) (Case No. 8:07-CV-00614-SCB-MAP).

authority and award damages based on a Spanish law enforcement investigation. Any consideration of such claims presents common and far-reaching questions of jurisdiction, international relations, and comity.

- In each of the cases, Odyssey has filed a motion for protective order that seeks to require the Government of Spain to designate a "particular authority" to which access to information shall be limited.[5] To the extent that any protective order is required in these cases, it should be decided on a common and coordinated basis, particularly as Odyssey's motion seeks to impose restrictions on the exercise by Spanish government officials of their official duties in a matter of significant Spanish-government concern.

In short, common questions of law and fact are not only present, but involve potentially dispositive issues for which transfer is appropriate to minimize the potential for conflicting rulings within this District on questions that have far-reaching implications. In opposition to this motion, Odyssey may argue that the location and identity of the shipwrecks it claims in the individual cases is different and therefore there may be differences in the facts among the cases. But Local Rule 1.04 does not require that related cases be identical in every respect. Few cases ever are. The Local Rule requires only that the cases be related because of "either a common question of fact or prospective duplication in the prosecution or resolution of the cases." Local Rule 1.04(b). It is beyond question that there are common questions of fact here: Odyssey's filings of August 6 include identical (and lengthy) factual declarations and statements. And the

---

[5] See Odyssey's Motion for Protective Order (Aug. 6, 2007) (Case No. 8:06-CV-01685-SDM-TBM); Motion for Protective Order (Aug. 6, 2007) (Case No. 8:07-CV-0616-JSM-MSS); Motion for Protective Order (Aug. 6, 2007) (Case No. 8:07-CV-00614-SCB-MAP).

fact that Odyssey has filed five identical causes of action in its Amended Complaints, identical motions for injunctive relief in two of the cases, and identical motions for a protective order in all three of the cases shows that there would be not just "prospective" but actual "duplication in the prosecution or resolution of the cases" if they are not transferred.[6]

Accordingly, Spain respectfully submits that, in the interests of justice and judicial economy, transfer of cases number 8:07-CV-00614-SCB-MAP and 8:07-CV-00616-JSM-MSS to Judge Merryday's court is warranted and appropriate under Local Rule 1.04(b).

Respectfully submitted on August 16, 2007,

James A. Goold
District of Columbia Bar # 430315
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

s/ David C. Banker
David C. Banker
Florida Bar # 352977
Bush Ross, PA
220 S. Franklin Street
P.O. Box 3913
Tampa, Florida 33601-3913
Telephone: (813) 224-9255
Fax: (813) 223-9255
E-mail: dbanker@bushross.com

---

[6] To promote judicial economy even further, the possibility of consolidating the related cases may be considered at a later date. See Local Rule 1.04(c) ("If cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to consolidate the cases for any or all purposes in accord with Rule 42. Fed.R.Civ.P. . . . .").

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that, on August 16, 2007, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following: Allen von Spiegelfeld, Attorney of Record for Plaintiff, Fowler White Boggs Banker P.A., P.O. Box 1438, Tampa, FL 33601. I further certify that I am providing copies of the foregoing via facsimile.

                                                s/ David C. Banker
                                                David C. Banker
                                                Florida Bar # 352977
                                                Bush Ross, PA
                                                220 S. Franklin Street
                                                P.O. Box 3913
                                                Tampa, Florida 33601-3913
                                                Telephone: (813) 224-9255
                                                Fax: (813) 223-9255
                                                E-mail: dbanker@bushross.com