IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

**ODYSSEY MARINE EXPLORATION, INC.**,

           Plaintiff,

vs.

**THE UNIDENTIFIED SHIPWRECK VESSEL**,
its apparel, tackle, appurtenances and
cargo located within center point
coordinates: 49° 25' N, 6° 00' W;
Radius: 5 nautical miles

           Defendant,
           i*n rem*

and

**THE KINGDOM OF SPAIN**,

           Claimant,
_____/

CASE NO.:  8:06-CV-01685-T-23MAP

**PETITIONER'S MOTION TO INTERVENE
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Petitioner, KEITH BRAY, by and through the undersigned counsel, pursuant to Rule 24, Federal Rules of Civil Procedure, and submits this Motion to Intervene and shows this Court the following:

1.    The present action before this Court pertains to the disputed ownership of an "unidentified" shipwrecked vessel and its artifacts.

2.    Pursuant to Fed.R.Civ.Pro. 24(a)(2), Claimant, KEITH BRAY (hereinafter "BRAY") files this Motion to Intervene based upon his previous agreement with Plaintiff,

ODYSSEY MARINE EXPLORATION, INC. (hereinafter "ODYSSEY"). BRAY is the historian who researched and translated numerous historical documents to determine the location of the unidentified shipwrecked vessel.

3. BRAY entered into an oral contract with ODYSSEY -- binding under maritime law -- whereupon the parties agreed ODYSSEY would compensate BRAY a certain percentage of the revenue generated from the shipwrecked vessel and its artifacts. As consideration, BRAY provided ODYSSEY with the information and the approximate location of the shipwrecked vessel.

4. Prior to locating the shipwrecked vessel, ODYSSEY informed BRAY that ODYSSEY was legally and/or organizationally unable to perform its obligation under the contract and provided BRAY with Twenty Thousand Dollars ($20,000.00). BRAY took payment and later learned that ODYSSEY had discovered the shipwrecked vessel and recovered artifacts.

5. ODYSSEY withheld information and/or misrepresented pertinent facts in order to induce BRAY to accept a payment of far less proportion than to which he is entitled. BRAY, in good faith, relied upon the false representations made by ODYSSEY. Had BRAY known the actual facts and circumstances surrounding the offered money, BRAY would have rejected ODYSSEY's efforts to break the existing agreement after ODYSSEY already possessed his confidential and valuable information.

6. BRAY files this Motion to Intervene in the existing case, No. 8:06-CV-01685-T-23MAP against ODYSSEY for fraud in the inducement, rescission, or alternatively, mistake. Pursuant to Fed.R.Civ.Pro. 24(c), attached is the Intervening

Complaint, Exhibit A, setting forth the claim described herein.

7. For interventions *as of right*, the 11th Circuit requires the movant to establish: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." Purcell v. Bank Atlantic Financial Corp., 85 F.3d 1508, 1512 (11th Cir. 1996).

Timeliness.

8. Federal courts have weighed the following factors in determining timeliness: (1) length of delay in seeking intervention (League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997); (2) prejudicial impact of such delay to existing parties (Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 561 (5th Cir. 2003); and (3) prejudice to intervenor if intervention is denied (Associated Builders & Contractors, Inc. v. Herman, 166 F.3d 1248, 1257 (D.C. Cir. 1999).

9. The present action is a recent case, and Petitioner BRAY is seeking intervention even prior to the entry of a Case Management and Scheduling Order. There is ample time to conduct discovery as the discovery deadlines are not established. Further, BRAY took immediate action to locate counsel upon learning of this lawsuit and to investigate the status thereof. BRAY's claim in no way prejudices the other parties to this lawsuit. If any, it would be incumbent upon the existing two parties

to demonstrate prejudice. Conversely, if Petitioner-BRAY is denied leave to intervene, he would be prejudiced, including specifically that the artifacts could be disposed of without compensation to him by the existing litigants. As of the date of this filing, "SPAIN" had not yet filed an answer to ODYSSEY's Complaint, but has only twice moved to dismiss.

Ecomonic Interest.

10. In determining the sufficiency of an interest, this Circuit requires that the intervenor, "must be a real party in interest" and "must have a direct, substantial, legally protectable interest in the proceeding." Worlds v. Dept. of Health & Rehabilitative Services, Inc., 929 F.2d 591, 594 (11th Cir. 1991). However, the intervenor's interest does not have to "be of a legal nature identical to that of the claims asserted in the main action." Chiles v. Thornburgh, 865 F.2d 1197, 1214 (11th Cir. 1989).

11. BRAY has an economic interest in the shipwrecked vessel and its artifacts in that his agreement with ODYSSEY required a percentage of those recovered artifacts to be paid to BRAY. Certainly as a practical matter, BRAY meets the second prong of the Purcell test, "economic interest". The artifacts are a *res* in this action.

Petitioner's Ability To Protect Interest

12. The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest. United States v. Peoples Benefit Life Insurance Co., 271 F.3d 411, 416 (2d Cir. 2001). There is no other means to protect the Petitioner's interest in the disputed property, other than for Petitioner to perhaps file a

separate action against these same two parties, but which action would undoubtedly be consolidated with the present action.  Further, both ODYSSEY and THE KINGDOM OF SPAIN (hereinafter "SPAIN") should want finality in one civil action wherein the parties' rights are determined.  Judicial efficiency and economy will be served by having all claims resolved in one case as to this shipwreck.  And again, unless Petitioner is made a party to the present action, he has no way to prevent the artifacts from being disposed.

<u>Petitioner's Interest Not Adequately Represented</u>

13.   Petitioner BRAY'S interest is not adequately represented in that SPAIN's interest is undeniably adverse to *all* salvors, and Petitioner's interest is at least in part adverse to that of ODYSSEY, including that Petitioner asserts misrepresentation by ODYSSEY.  Further, should ODYSSEY attempt to resolve the case with SPAIN, Petitioner's recovery would be diluted without any effective means on the part of Petitioner to respond or participate therein.  Petitioner's agreement with ODYSSEY was for a percentage of the *find*—less costs of salvage and legitimate third-party ownership interests, if any—but not necessarily a percentage of the amount ODYSSEY may or may not settle for -- if ever -- with SPAIN.

14.   In establishing prerequisites for intervention as right, this Court has no discretion to deny BRAY's motion to intervene.  <u>United States v. State of Ga.</u>, 19 F.3d 1388, 1393 (11th Cir. 1994).  Petitioner has met his minimal burden to establish that he is entitled to pursue his claim within this action.

WHEREFORE the Petitioner, KEITH BRAY, respectfully requests this Honorable

Court to grant his Motion to Intervene in the above styled case, that the style of the case shall be changed to reflect the addition of the Petitioner against ODYSSEY (as reflected on Petitioner's Intervening Complaint), and such other relief as deemed just and proper by this Court.

                Respectfully Submitted,

                */s/Frank D. Butler*
                Frank D. Butler, Esquire
                Fla. Bar No. 940585
                David M. Bulluck, Esquire
                Fla. Bar No. 0021476
                10550 U.S. Highway 19 North
                Pinellas Park, FL 33782
                Phone: 727-399-2222
                Fax: 727-399-2202
                Attorneys for Plaintiff
                fdblawfirm@aol.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on <u>October 19, 2007</u>, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   Allen von Spiegelfeld, Fowler White Boggs Banker P.A., P. O. Box 1438, Tampa, FL 33601; James A Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P.O. Box 3913, Tampa, FL 33601.

                */s/Frank D. Butler*
                Frank D. Butler, Esquire