UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

        Plaintiff,

v.                                          CASE NO.: 8:06-cv-1685-T 23MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL OR VESSELS, their apparel,
tackle, appurtenances and cargo located
within center point coordinates: 49°, 25'
N, 6°, 00' W; Radius: 5 nautical miles,

        Defendants,
        *in rem*

and

THE KINGDOM OF SPAIN,

        Claimant.
_____/

## PROTECTIVE ORDER GOVERNING
## <u>DISCLOSURE OF CERTAIN INFORMATION</u>

        This ORDER is an identical filing being made in cases 8:07-CV-00614-23MAP, 8:07-CV-00616-23MAP, and 8:06-CV-1685-23MAP.

        WHEREAS, this case involves, <u>inter</u> <u>alia</u>, <u>in</u> <u>rem</u> claims by Plaintiff Odyssey Marine Exploration, Inc. ("Odyssey") against a Defendant Unidentified Shipwrecked Vessel, if any, ("Defendant Site") in opposition to which Claimant Kingdom of Spain ("Spain") has filed a Verified Claim.

        WHEREAS, an Order defining documents for which the parties may claim confidentiality and procedures for such materials may facilitate the conduct of this case;

IT IS HEREBY ORDERED that the following provisions shall govern claims of confidentiality of the documents or objections to production:

1) The exact location(s) of the Defendant Site, in Cases 8:07-CV-00614-23MAP, 8:07-CV-00616-23MAP, and 8:06-CV-1685-23MAP, shall be provided in a separate document for each case filed under seal with the Court and be served on counsel for Claimant Spain within 10 days of this Order. The exact location information contained therein shall be deemed confidential and subject to the provisions governing such information as provided hereafter, except to the extent that such information has been disclosed by Odyssey to any non party without such information being subject to a confidentiality agreement or has become publicly known from other sources. Any information provided by Odyssey regarding the location of the Defendant Site beyond the location as described in the Amended Complaint or that which has been made public otherwise, must be kept confidential by any party, Claimant or any other individual who has access to the information pursuant to this Order.

2) For Rule 26(a) disclosures and such other disclosures or discovery as may occur from the date of this Order, only documents containing trade secrets, special formulas, proprietary research and/or technology, company security matters, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price may be designated as confidential, provided such documents have not previously been disclosed by the producing party to anyone except persons in its employment or persons retained by it who are subject to a confidentiality agreement with respect to such information. Such documents or the parts thereof that contain the information for which confidentiality is claimed, as provided hereafter, may be so designated after review by counsel for the producing party by stamping the word **confidential** on each page.

3) Review of confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

4) The inadvertent, unintentional or <u>in camera</u> disclosure of a confidential document or confidential information therein shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

5) If any party believes a document not described above should nevertheless be considered confidential, it may make application to the court. Such application shall only be granted for reasons shown and for extraordinary grounds.

6) Documents relating to artifacts or other objects recovered from the Defendant Site shall not constitute confidential information except to the extent specific information in a document discloses proprietary research and/or technology of Plaintiff or other confidential information described in Paragraph 2. To the extent practicable, such information shall be redacted from the non-confidential version of the document and provided in a confidential unredacted copy.

7) Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the purpose of claims relating to the Defendant Site that are the subject of Cases 8:07-CV-00614-23MAP, 8:07-CV-00616-23MAP, and 8:06-CV-1685-23MAP, including any claim by or on behalf of any other Claimant who agrees to be bound by the terms of this Order. Each person who is permitted to see confidential documents shall first be shown a copy of this Order (as also rendered into Spanish, in a translation agreed to by the parties) and shall further be advised of the obligation to honor the confidentiality designation.

Information designated as confidential may be used by the Claimant Spain for the exercise of official government functions relating to the Defendant Site such as protection from unauthorized disturbance or looting, while maintaining the confidentiality of such information.

8) If a party believes that a document or information designated or sought to be designated confidential by the producing party does not warrant such designation, or should otherwise not be subject to the provisions of this Order, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, any party may apply to the court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

9) At the time of any deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which it claims contain confidential matters under the standards set forth in this Order. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.

10) In any application to the court permitted by this order, the court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs

incurred by it and, if so, the amount to be awarded as well as such other relief if any, as the court may deem determine to be appropriate.

11) For purposes of clarification, Claimant Spain, is the national government of the Kingdom of Spain and the term "parties" as used in Paragraph 7 for purposes of this Order consists of the Spanish Ministry of Justice, the Ministry of Culture, the Ministry of Foreign Affairs and Cooperation, the Navy and the Department of Customs and Special Taxes.

12) Nothing herein shall constitute a waiver of or otherwise impair or affect any claim or defense of any party.

DONE AND ORDERED this 10th day of January, 2008.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE