UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,

v.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL OR VESSELS, their apparel, tackle,
appurtenances and cargo located within
center point coordinates: 49° 25' N, 6° 00' W;
Radius: 5 nautical miles, *in rem*

    Defendant(s).

and

The Kingdom of Spain,

    Claimant.
_____/

KEITH BRAY,

    Intervening Plaintiff/Claimant,

vs.

ODYSSEY MARINE EXPLORATION, INC.,

    Defendant.
_____/

CIVIL ACTION

Case No.: 8:06-CV-1685-SDM-MAP

## CASE MANAGEMENT REPORT

1.     <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on February 8, 2008, at 11:00 a.m. by telephone and was attended by:

| Name | Counsel for |
|---|---|
| Allen von Spiegelfeld | Plaintiff |
| Frank D. Butler | Intervening Plaintiff |
| Melinda MacConnel | Plaintiff's General Counsel |

2. <u>Initial Disclosures</u>:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

    __X__    have exchanged information referenced by Fed. R. Civ. P. (26)(a)(1)(A)-(D) or agree to exchange such information on or before March 10, 2008.[2]

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party ahs not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

    \_\_\_\_\_    stipulate to not disclose information referenced by Fed.R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____

_____

_____

    \_\_\_\_\_    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).

3. **Discovery Plan – Plaintiff, Odyssey Marine Exploration**: The parties jointly propose the following Plaintiff's discovery plan:

    a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

        (1) <u>Requests for Admission</u>:

        Will be filed.

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

        (2) <u>Written Interrogatories</u>:

        Will be within Local Rule 3.03(a).

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

        (3) <u>Requests for Production or Inspection</u>:

        Will be filed.

        (4) <u>Oral Depositions</u>:

        Will be requested.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

NameProposed length of DepositionGrounds

None anticipated.

    b.Disclosure of Expert Testimony:Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**May 1, 2008**

    c.Supplementation of Disclosures and Responses:Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**June 2, 2008**

    d.Completion of Discovery:Plaintiff will commence all discovery in time for it to be completed on or before __July 25, 2008__ .

4.**Discovery Plan – Intervening Plaintiff, Keith Bray**:The parties jointly propose the following Defendant's discovery plan:

**Not agreed.**

    a.Defendant's Planned Discovery:A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1)Requests for Admission:

Will be filed.

4

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

    (2)    <u>Written Interrogatories</u>:

        Will be filed.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

    (3)    <u>Requests for Production or Inspection</u>:

        Will be filed.

    (4)    <u>Oral Depositions</u>:

        Will be requested.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

<u>Name</u>        <u>Proposed length of Deposition</u>        <u>Grounds</u>

None anticipated.

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Not agreed. Plaintiff Odyssey Marine suggests May 29, 2008.**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Not agreed. Plaintiff Odyssey Marine suggests June 23, 2008.**

d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before _____. **Not agreed. Plaintiff Odyssey Marine suggests July 25, 2008.**

5. <u>Joint Discovery Plan – Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

None at this time.

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**Plaintiff Odyssey Marine Exploration, Inc. and Intervening Plaintiff Keith Bray cannot agree on discovery dates for Intervening Plaintiff Keith Bray.**

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be **(not agreed – Plaintiff Odyssey Marine suggests August 1, 2008)**. (Note time limit in Local Rule 4.03.)

8. <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is

_____ likely

\_\_x\_\_ unlikely.

6

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). \_\_\_yes \_\_x\_\_no  likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

\_\_\_\_\_yes  \_\_x\_\_no  likely to agree in future

10. <u>Preliminary Pretrial Conference</u>:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
\_\_\_\_\_ request
\_\_x\_\_ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

N/A

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after **(not agreed – Plaintiff Odyssey Marine suggests September 1, 2008)** (date) and for trial on or after **(not agreed – Plaintiff Odyssey Marine suggests October 1, 2008)** (date). This **Jury** \_\_\_\_\_ **Non-Jury** \_\_x\_\_ trial is expected to take approximately \_\_80\_\_ hours.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Other Matters</u>: None at this time.

Date: February 8, 2008.

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
Fowler White Boggs Banker P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313

*Attorneys for Plaintiff*

s/ Frank D. Butler
Frank D. Butler
Law Offices of Frank D. Butler, P.A.
10550 US Hwy 19 North
Pinellas Park, FL 33782
(727) 399-2222
Facsimile: (727) 399-2202
E-mail: fdblawfirm@aol.com

*Attorneys for Intervening Plaintiff, Keith Bray*

12430674