**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**IN ADMIRALTY**

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.                                                           Case No. 8:06-CV-01685-SDM-MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL OR VESSELS, their apparel, tackle,
appurtenances and cargo located within center
point coordinates: 49 25' N, 6 00'W;
Radius: 5 nautical miles, ,

    Defendants(s),
    <u>in rem</u>

and

THE KINGDOM OF SPAIN,

    Claimant,
_____/

**This motion is an identical filing in Cases 8:07-CV-00614-SDM-MAP and 8:06-CV-01685-SDM-MAP**

**Claimant Kingdom of Spain's Motion to Compel Compliance with
<u>this Court's Disclosure Order Relating to Photographs and Videotapes</u>**

Claimant Kingdom of Spain ("Spain") hereby moves for relief, pursuant to Federal Rule of Civil Procedure 37, for failure by Plaintiff Odyssey Marine Exploration ("Odyssey") to comply with this Court's order of January 10, 2008 ("the Order") in cases 8:07-CV-00614 and 8:06-CV-01685. This motion supplements Spain's February 1, 2008 Motion to Compel Compliance with this Court's Disclosure Order and for Other Relief and raises two additional matters in dispute which have arisen since the filing of Spain's initial motion: production of

copies of photographs and videotapes. Spain seeks an order directing Odyssey to provide forthwith photographs and videotapes in accordance with this Court's disclosure order, without conditions and restrictions Odyssey now seeks to impose on its compliance with the January 10 Order.

Counsel certifies that the parties have conferred and were unable to reach agreement. <u>See</u> Local Rule 3.01(g); <u>see also</u> Fed. R. Civ. P. 37(a).

## <u>MEMORANDUM OF LAW</u>

This Court's January 10 Order directed Odyssey to provide photographs and videotapes of the sites or vessels within 14 days of entry of the Order. On January 24, Odyssey made available for viewing selected videotapes of the sites and agreed to make available all such videotapes. After making copies for Spain of a first group of videotapes, Odyssey has now refused to provide them to Spain's counsel unless counsel pledges that no more than one copy of them will be made. Odyssey also now refuses to provide copies of photographs unless they are altered (and degraded in utility) from their current electronic format to hard copies, and would charge Spain the costs of doing so.

**I. The Photographs**

Regarding the photographs, Odyssey has provided hard copies of "photomosaic" overviews of the sites and has agreed to make available for viewing photographs of individual artifacts on the seabed and/or smaller areas of the seabed. Spain's counsel has been informed that there are thousands of photographs. He has conducted a viewing of an initial batch of approximately 150 photographs of the Case No. 8:07-CV-00614 vessel and its site.

The photographs are in electronic form and were made available for viewing on a laptop at the offices of Odyssey's counsel in Washington, D.C., Beveridge and Diamond. The first

batch of photographs from the Case No. 8:07-CV-00614 vessel and site constituted 1/2 gigabyte of data. When it comes to providing copies of the photographs so that they can be examined in more detail, however, Odyssey now takes the position that it will not produce the photographs in the electronic format in which they exist and are maintained, but rather only as hard copies at a "reasonable cost" that has not been defined.

The conditions Odyssey seeks to impose would greatly impair the usefulness of the photographs, and would impose wasteful and unnecessary costs. Having the photographs in the same electronic form in which Odyssey maintains them is essential to making effective use of the photographs. Any effective viewing of the photographs requires using a "zoom in" feature to ascertain details. In counsel's examination of the first batch of photographs, it was found that using "zoom in" was necessary for every one of the photographs. Moreover, the number of "zoom in" clicks necessary to discern details varies from photograph to photograph, depending on the size of the artifact, the lighting, the angle of the photograph relative to an artifact, water clarity, etc. Only by selecting the best degree of "zoom in" individually for each photograph can the photographs be examined effectively.

Odyssey's refusal to make the photographs available in the same format in which they exist and insistence on charging Spain the cost of altering the photographs are unwarranted and particularly inappropriate in the circumstances of this case. Documents and records should be produced in the form in which they are maintained by the producing party, especially when alteration would impair use of the documents for the purposes for which they are produced. [1]

---

[1] It would obviously be inappropriate and unfair for Odyssey to be able to use electronic copies for its own litigation purposes, while saddling Spain with hard copies that cannot be "zoomed in" and involve an inherent loss of resolution compared to the electronic format in which they currently exist. Moreover, each copy made from a hard copy involves further loss of definition.

Moreover, making electronic copies involves minimal cost. As noted previously, the first batch of photographs being held by Odyssey's counsel in Washington amounts to 1/2 gigabyte of data stored on a laptop, which data can be copied to a disk or a hard drive in minutes. Printing hard copies with reduced utility is expensive and wholly unnecessary. Notably, Odyssey contemplates that Spain pay the cost of altering (and degrading) the images.[2]

**II. The Videotapes**

Regarding the videotapes, Odyssey now refuses to provide copies unless Spain's counsel first agrees that no more than one copy of the video will be made or unless the Court so orders. Odyssey apparently seeks an amendment of the Protective Order Odyssey moved for and which was entered after full hearing at the January 10, 2008 pretrial conference. Even if the restriction on copies Odyssey now seeks were necessary or appropriate (an issue that relates to the confidential status of the videotapes), such a restriction should have been requested and argued at the January 10 hearing, instead of unilaterally asserted after the fact as an excuse not to comply with the Order.

Odyssey's belated conditions precedent to complying with the Order would further hobble the conduct of this case. Spain's counsel has no intention of making unneeded or large numbers of copies of the videotapes. On receipt of the videotapes, the original will be kept as the master file copy and a copy will be made immediately for review by counsel. Thereafter, for a consultant or expert to review the videotape, additional copies would be made. And if all or any part of the videotape is to be presented to the court as evidence in connection with a motion or for other purposes, additional copies would have to be made.

---

[2] Spain's counsel was advised by Odyssey that the cost of preparing hard copies would be up to $16 per photograph or more, depending on size.

Finally, it has already become apparent from the initial viewing by counsel that it will be necessary to make "screen grabs" from videotapes (*e.g.*, copies of "freeze-frame" individual images and/or sequences of images). Odyssey's unjustified and unilateral "one copy" rule would also prevent this.

### III. Relief Requested

For the reasons set forth above, Spain respectfully moves that the Court order:

1) That Odyssey shall produce all photographs in their present electronic, digital format within 14 days of notification by Spain of the photographs to be provided under the January 10, 2008 disclosure order;

2) That Odyssey shall produce immediately to Spain the videotapes held by Odyssey's counsel in Washington, D.C., and shall produce copies of such additional videotapes within the Court's January 10, 2008 disclosure order as are designated by Spain;

3) Such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated: March 3, 2008

s/ James A. Goold_____

| | |
|---|---|
| James A. Goold | David C. Banker |
| District of Columbia Bar # 430315 | Florida Bar # 352977 |
| Covington & Burling LLP | Bush Ross, PA |
| 1201 Pennsylvania Ave., NW | 220 S. Franklin Street |
| Washington, DC 20004 | P.O. Box 3913 |
| Telephone: (202) 662-5507 | Tampa, Florida 33601-3913 |
| Fax: (202) 662-6291 | Telephone: (813) 224-9255 |
| E-mail: jgoold@cov.com | Fax: (813) 223-9255 |
| | E-mail: dbanker@bushross.com |

## Certificate of Service

I hereby certify that I caused the foregoing Motion to Compel Compliance with this Court's Disclosure Order Relating to Photographs and Videotapes to be served on Plaintiff's counsel, Allen von Spiegelfeld, Eric C. Thiel, and Melinda J. MacConnel via the Court's CM/ECF system on March 3, 2008.

                                                  s/ James A. Goold_____
James A. Goold
District of Colombia Bar 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com