IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division
In Admiralty

| | | |
|---|---|---|
| ODYSSEY MARINE EXPLORATION, INC. | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | Case No: 8:06-CV-01685-SDM-MAP |
| THE UNIDENTIFIED SHIPWRECKED VESSEL its apparel, tackle, appurtenances and cargo located within center point coordinates: 49° 25' N, 6° 00' W; Radius: 5 nautical miles, | : | |
| Defendant. *in rem* | : | |
| and | : | |
| The Kingdom of Spain, | : | |
| Claimant. | : | |
| _____/ | : | |

### RESPONSE TO KINGDOM OF SPAIN'S MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S DISCLOSURE ORDER RELATING TO PHOTOGRAPHS AND VIDEOTAPES

This Response is an identical filing being made in cases 8:07-CV-0614-SDM-MAP and 8:06-CV-1685-SDM-MAP. (With respect to case 8:07-CV-0616-SDM-MAP, it appears that no corresponding pleading was actually filed by Spain, but the heading in the other two cases asserts that it was.)

Plaintiff, Odyssey, hereby responds to Claimant Kingdom of Spain's Motion to Compel Compliance with this Court's Disclosure Order Relating to Photographs and Videotapes (Dkt. 94) in Case No: 8:07-CV-00614-SDM-MAP and states as follows:

Odyssey has fully complied with the Court's Disclosure Order. With respect to the specific items at issue in Spain's Motion, Odyssey further states as follows:

## I. Photographs

1. Odyssey has, in fact, complied with the Court's order by producing requested photographs to Spain.

2. Neither the Court's Order nor the Rules of Discovery require Odyssey to produce the photographs in any specific form.

3. Odyssey has agreed to produce any photographs requested by Spain in hard copy form and has stated that depending upon the number of photographs ultimately requested by Spain, Odyssey may even agree to pay for certain production costs. (Spain has not yet completed its review of photographs and request of specific images.)

4. As more fully explained in Odyssey's Response to Spain's Motion to Seal Pursuant to the Order of February 22, 2008 (Dkt. 92), the photographs represent Odyssey's valuable intellectual property and trade secrets from which Odyssey's business derives substantial revenue. Producing the photographs in electronic form substantially increases the likelihood of unauthorized reproduction in a manner that is difficult to control and would render it impossible for a source to be traced. In the event of such an

unauthorized reproduction, the possibility would exist for the images to be widely circulated on the Internet in which case Spain could attempt to disavow responsibility.

5. Regarding Spain's argument that electronic versions of photographs are necessary for close viewing, it must be noted that a still photograph can be "zoomed in" (and enlargements made) just as with an electronic version, and close ups could actually be clearer than close ups from an electronic image in which resolution is compromised when "zooming in." In fact, Odyssey typically uses printed versions of the images for analytical work and in reports.

6. Producing the photographs in electronic form also substantially increases the likelihood that the images could be altered, and/or that a violation of Odyssey's property rights would otherwise occur.

7. Furthermore, it should also be noted that the photographs, and all evidence produced in this case thus far, have been produced under the Court's Order (Dkt. 81), an initial order regarding discovery issued with Odyssey's agreement to expedite resolution of this case. Spain has not as yet been required to make its Rule 26 disclosures or to produce any evidence in support of its Verified Claim. As such, Spain is making demands beyond the Court's Order without having presented one piece of evidence to support its assertion that it has any interest whatsoever in the Defendant Site. If and when a trial

on the merits of Spain's claim occurs, the form of any documentation necessary for trial can be determined by the Court.

8. Rule 26 (5) (b) Federal Rules of Procedure requires that a party return all confidential information to the producing party upon completion of the litigation. If Spain had a digital archive of the photographs, Odyssey would have no way to assure that all digital copies of the photographs had been returned unless Spain also undertook to document every transmission or dissemination of the photo archive. Counsel for Spain's refusal to supply a list of the recipients of this information further exacerbates the problem of accountability in managing the distribution of photographs. Also, even "deleted" images can still be recovered from computer hard drives, thus making it virtually impossible to guaranty return of photographs produced electronically.

9. This Court has agreed that the security of the site is of the utmost importance. As such, the Court should not apply an overly broad interpretation of the rules of discovery by allowing an unverified claimant to gain unlimited access to Odyssey's valuable intellectual property and confidential information by simply stating that it believes it may have a claim. Spain's continued insistence on seeking such information and, in fact, demanding the form in which it receives the information, in the absence of any evidence whatsoever of a valid claim (even on the site of the Italian registered passenger liner (Case

No. 8:07-cv-00616-SDM-MAP)), underscores the need for limited boundaries as to Spain's requests.

10. Finally, the Court has already made clear that Odyssey's opportunities for remedies against the sovereign Government of Spain are limited with regard to the jurisdiction of this Court. Thus, if Spain is ultimately held not to have a valid claim in any of these cases, yet a release of images results in significant financial damages to Odyssey through loss of intellectual property rights, Spain may not be held accountable in any way. This Court can only protect Odyssey's rights before such a loss occurs.

## II. Videotapes

11. Spain has misrepresented Odyssey's position regarding production of the videotapes.

12. Counsel for Spain and Counsel for Odyssey agreed that Odyssey would produce the videotapes and that Spain would not make more than one copy until the matter could be brought before the Court. (See correspondence from Melinda J. MacConnel, Counsel for Odyssey, to James Goold, Counsel for Spain, dated February 27, 2008 and correspondence between Counsel of February 25, 2008, attached hereto as Composite Exhibit A.)

13. Odyssey had not requested that Spain refrain from making duplicates, but merely that Spain inform Odyssey of the number of duplicates made. Counsel for Spain has refused this reasonable request.

5

14. Again, Rule 26 (5) (b) Federal Rules of Procedure requires that a party return all confidential information to the producing party upon completion of the litigation. Odyssey would have no way to assure that all copies of the videotapes had been returned if it did not know how many copies existed.

15. To require Spain to inform Odyssey of the number of copies made, would surely not be overly burdensome on Spain.

WHEREFORE, Odyssey respectfully requests this Court to deny Spain's Motion to Compel Compliance with this Court's Disclosure Order Relating to Photographs and Videotapes.

Respectfully submitted,

Dated: March 4, 2008

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313


s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 1801 North Highland Avenue Tampa, Florida 33602 Mailing Address: Post Office Box 3913 Tampa, Florida 33601, *Attorneys for Claimant, Kingdom of Spain.*

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313


s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff