

February 27, 2008

**Via E-mail: jgoold@cov.com**
Mr. James A. Goold
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401

Dear Jim:

      Enclosed please find a copy of the Artifact List with photographs redacted from case number 8:07-cv-0616. Note that the Confidential designation has been removed. As we have discussed, Odyssey has valid and legal justification for designating other produced documents as Confidential.

      I have received your proposed "Stipulation for Confidentiality for Inspection of Certain Artifacts." Although this is nothing like the conservation facility's required NDA, I will pass it onto the facility and inquire as to whether they would be willing to accept this in lieu of the NDA.

      I have inquired as to the status of the Gibraltar artifacts. I am told that they were packed for shipping and are wrapped and sealed accordingly. My understanding is that there are a number of buckets which are sealed as well as a sealed wooden crate containing artifacts which are wrapped and taped. Again, I communicate to you that to unseal these and expose the artifacts without proper conservation resources would most assuredly result in damage to them.

      After multiple attempts to have the container shipped to Tampa for conservation, Odyssey was informed that the artifacts are being held in Gibraltar as the result of an MLA (request for Mutual Legal Assistance) by Spain to Gibraltar/UK. The MLA asked that Gibraltar customs to turn the artifacts over to the Spanish court. While the MLA is being considered by Spanish and Gibraltar authorities, the shipment of artifacts has been held up. Odyssey has not been allowed to see the MLA, but we are following up with this and will try to get you written confirmation that it is, in fact, Spain who is behind the delay in the shipment of artifacts. In the meantime, perhaps with this information, you could assist us in having the proper Spanish authorities (I believe the original MLA initiated with the Ministry of Foreign Affairs) withdraw the MLA, which would allow for immediate shipment and proper conservation. Once the container is in Tampa where adequate conservation facilities are available, of course we will make the artifacts available to you for viewing

• • • • •

ODYSSEY MARINE EXPLORATION • 5215 WEST LAUREL STREET • TAMPA, FL 33607
(P) 813.876.1776 • (F) 813.876.1777 • WWW.SHIPWRECK.NET

EXHIBIT (Composite) A

Dockets.Justia.com

Regarding duplicating of documents, I understand that a specific number of copies needed may be difficult to predict in litigation. This, however, would certainly not prevent you from keeping track of the number of duplicates as they are made. I would assume that you would do this anyway as you are required by the Rules of Court to return all confidential information to us following litigation, and you could only assure that you have met this requirement if you know how many duplicates exist.

I will have a release drawn up regarding the video tapes at Mr. Lamotte's office for you to sign indicating that no more than one copy will be made unless and until the Court orders otherwise. I will also be sending to Mr. Lamotte the remaining photographs which comprise grid section 10-0 of the 614 photo mosaic so that you may view those when you return to his office.

We have reconsidered your request that the photographs be produced in electronic format. Unfortunately, the possibility of unauthorized reproduction simply cannot allow us to provide the photos in that form. We will, however, be able to give you hard copies of any photos you select. Again, when we have the total number we can discuss a reasonable amount for production.

We can bring up the matters of Confidentiality of specific documents produced and any other ancillary issues with the Court on March 5. Until then, we remain willing to confer on any outstanding issues which may be resolved outside of court.

Sincerely,

Melinda J. MacConnel
General Counsel
Odyssey Marine Exploration, Inc.

cc: Allen von Spiegelfeld

Enclosure:

# Melinda MacConnel

| | |
|---|---|
| **From:** | Goold, James [jgoold@cov.com] |
| **Sent:** | Monday, February 25, 2008 5:18 PM |
| **To:** | Melinda MacConnel |
| **Cc:** | von Spiegelfeld, Allen; Russ LaMotte; Greg P. Stemm |
| **Subject:** | RE: conference notes |

Melinda,

I would supplement/amend your notes as follows:

1. I am preparing a revised draft regarding confidentiality of the conservation facility for your review as a stipulation tied to the Janaury 10 Protective Order Governing Disclosure of Certain Information and will send it to you, I hope tomorrow.

2. With respect to the status of artifacts in Gibraltar, you will also advise me of any directive, order or the like that Odyssey believes operates as a legal prohibition on inspection of the artifacts, plus information on how the artifacts are stored/packaged, etc., as you note.

3. I am unable to state how many copies of the documents that have been designated by Odyssey as confidential it will be necessary to make in the course of these cases, bearing in mind that it is of course impossible to predict, for example, how many filings it may be necessary to make with the court and how many experts, etc. to which it may be necessary to provide the documents. In the ordinary course, I would expect that fewer copies of videotapes will be necessary, as compared to the documents, and will agree that I will make no more than one copy of the videotapes for the time being.

4. Odyssey will not agree to remove its confidentiality designations for any of the documents or photographs, except for the list of artifacts (minus photos) from Case 616. As I noted, my pending motion does not challenge the confidentiality of location information which is within Pragraph 1 of the Protective Order.

5. With respect to the medium for photographs, you will consider my request that they be produced in the digital format in which they presently exist.

6. With respect to Odyssey's motion for in camera proceedings, I agree that in camera proceedings may be appropriate when it is necessary that confidential information be discussed on the record, but I do not believe it is necessary or appropriate for the entire hearing to be held in camera. My experience is that it is feasible and customary for counsel to work around such a problem for the most part, if not entirely.

7. Thank you for the information regarding area 10 - O in the case 614 photomosaic.

    Thank you, Jim Goold


-----Original Message-----
From: Melinda MacConnel [mailto:mmacconnel@shipwreck.net]
Sent: Monday, February 25, 2008 3:08 PM
To: Goold, James
Cc: von Spiegelfeld, Allen; Russ LaMotte; Greg P. Stemm
Subject: conference notes

Jim,

Please let me know immediately if your recollection of our meeting this afternoon (ending five minutes ago) conflicts in any way with the
following:

1. You have agreed to read the conservation facility's NDA and suggest changes, or draft your own if you prefer.

2. I will inquire regarding the status of the Gibraltar artifacts and whether we are able to gain access to them and how they are being stored, packaged, etc.

3. You would not agree to inform us of how many duplicates of confidential information are being made.

4. You would not agree to withdraw your objection to our motion for in camera proceedings.

5. You would not agree to lift your objections as to any of the items we have deemed confidential.

6. I have agreed to send you a nonconfidential version of the artifact list from case 616 this week.

7. I have agreed to further consider the medium for production of photographs.

8. I have agreed to have Russ give you the video tapes if you would agree that no more than one duplicate would be made prior to a decision by the court as to whether you would be required to notify us of the number of duplicates made. You will consider my offer.

9. I have agreed to give to Russ on a DVD the remaining photos which comprise area 10-0 of the 614 grid on the photo mosaic. (We are also double checking to make sure that all photos are included in the grids from the photo mosaic which you have selected to view.)

If there is anything else which should be noted, please let me know.

Thank you.

Melinda J. MacConnel, Esq.
mmacconnel@shipwreck.net

General Counsel
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607

813 789-6575