UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.                                                                                                       CASE NO.: 8:06-cv-1685-T23-MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL OR VESSELS, their apparel,
tackle, appurtenances and cargo located
within center point coordinates:  49°, 25'
N, 6°, 00' W; Radius: 5 nautical miles,

    Defendants,
    *in rem*

and

THE KINGDOM OF SPAIN,

    Claimant.
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

This Court has managed this case concomitantly with another *in rem* action, case number 8:07-cv-614-T-23MAP, as both involve shipwrecks discovered by Odyssey with the Kingdom of Spain as a claimant.  In answers to the Court's interrogatories directed to the parties in both cases, Spain has invoked the Foreign Sovereign Immunities Act.  For case number 8:07-cv-614-T-23MAP, Spain asserts the wreck is one of its naval vessels which warrants protection from suit under the Act.  In the instant action, which the parties currently suspect concerns an English merchant ship, Spain's claim of immunity relates only to a portion of cargo that this vessel *may* have been carrying but which Odyssey has yet to recover.  In light of this uncertainty, as discussed at the Rule 16 conference held on June 9, the Court declines to defer discovery as it has in 8:07-cv-614-T-23MAP.

The Court has considered the positions of the parties as set forth in their Case Management Reports and as discussed at the Rule 16 hearing, and hereby enters the following scheduling and case management requirements whose provisions are very precise and *shall be strictly adhered to.* Accordingly, it is

ORDERED:

1. Parties are directed to meet the agreed upon terms and time limits set forth in their Case Management Report, except as noted below:

    (a) Deadlines relating to the dispute between Odyssey and Spain:

    | | |
    |---|---|
    | Rule 26 disclosures | August 1, 2008 |
    | Odyssey's disclosure of expert testimony | August 1, 2008 |
    | Odyssey's supplementation under R. 26(e) | September 2, 2008 |
    | Odyssey's completion of discovery | October 23, 2008 |
    | Spain's disclosure of expert testimony | August 29, 2008 |
    | Spain's supplementation under R. 26(e) | September 29, 2008 |
    | Spain's completion of discovery | October 23, 2008 |
    | Third party/joinder/dispositive motions | November 3, 2008 |

    (b) Deadlines relating to the dispute between Odyssey and Keith Bray:

    | | |
    |---|---|
    | Rule 26 disclosures | August 1, 2008 |
    | Mr. Bray's disclosure of expert testimony | August 1, 2008 |
    | Mr. Bray's supplementation under R. 26(e) | September 2, 2008 |
    | Mr. Bray's completion of discovery | October 23, 2008 |
    | Odyssey's disclosure of expert testimony | August 29, 2008 |
    | Odyssey's supplementation under R. 26(e) | September 29, 2008 |
    | Odyssey's completion of discovery | October 23, 2008 |
    | Third party/joinder/dispositive motions | November 3, 2008 |

2. Parties are further directed to meet the pretrial disclosure requirements and deadlines in Fed.R.Civ.P. 26(a)(3) and to adhere timely to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures, as supplemented herein at ¶ 6.

3. Parties shall take heed that motions to amend any pleading or a motion for

continuance of any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order *are disfavored*. See Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D).

4. A Pretrial Conference will be held before Magistrate Judge Mark A. Pizzo in Courtroom 11B, United States Courthouse, 801 North Florida Avenue, Tampa, on December 1, 2008, at 10 a.m.

> THE COURT WILL NOT ADDRESS DISCOVERY DISPUTES OF ANY KIND AT TRIAL. ANY DISCOVERY DISPUTE FOR WHICH THE PARTIES SEEK JUDICIAL RESOLUTION MUST BE ADDRESSED AT OR BEFORE THE PRETRIAL CONFERENCE. THE PARTIES MAY AGREE ON ANY MATTER REGARDING DISCOVERY, BUT EACH PARTY ASSUMES THE RISK OF NON-COMPLIANCE BY THE OTHER UNLESS THE ISSUE HAS BEEN ADDRESSED BY THE COURT AT THE PRETRIAL CONFERENCE.

5. This case is set for a non-jury trial in Courtroom 15A, United States Courthouse, 801 N. Florida Avenue, Tampa, during the January 5, 2009, trial term before the Honorable Steven D. Merryday. Cases set before Judge Merryday are subject to being tried by a visiting judge. A separate trial calendar will be forthcoming in December 2008.

6. Not later than five (5) days prior to the date on which the trial term is set to commence, see ¶ 5, the parties shall file with the Clerk of Court the following (and, as to each of the following, provide directly to Chambers, by mail or hand-delivery a "Judge's Courtesy Copy," so marked):

> (a) Each side shall file a Trial Brief, with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise

at trial; and either (b) or (c) below, as appropriate.

(b) If case is a jury trial, the following:

(1) A concise (one paragraph preferably) joint or stipulated statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

(2) A complete set of all written Proposed Jury Instructions (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1);

(3) Proposed Voir Dire (the Court will conduct the voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

(4) Proposed Verdict Form.

(c) If case is a non-jury trial, Proposed Findings of Fact and Conclusions of Law (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

7. The Pretrial Conference shall be attended by counsel who will act as lead trial counsel in the case and who is vested with full authority to make and solicit disclosures and agreements touching all matters pertaining to the trial.

DONE and ORDERED at Tampa, Florida on June 11, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: The Hon. Steven D. Merryday
Counsel of Record