UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | |
|---|---|
| ODYSSEY MARINE EXPLORATION, INC. : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| v. : | |
| : | CASE NO. 8:06-CV-1685-SDM-MAP |
| THE UNIDENTIFIED, SHIPWRECKED VESSEL : | |
| its apparel, tackle, appurtenances and : | |
| cargo located within center : | |
| point coordinates: 49º, 25' N, 6 º 00' W; : | |
| Radius: 5 nautical miles, : | |
| : | |
| Defendant. : | |
| *in rem* : | |
| and : | |
| THE KINGDOM OF SPAIN, : | |
| Claimant. : | |
| _____/: | |
| KEITH BRAY, : | |
| Intervening Plaintiff/Claimant, : | |
| v. : | |
| ODYSSEY MARINE EXPLORATION, INC. : | |
| Defendant. : | |
| _____/: | |

Kingdom of Spain Motion to Compel Compliance
With Rule 34 Request for Production of Documents

Comes now Claimant Kingdom of Spain ("Spain") and moves pursuant to Fed. R. Civ.

P., Rule 37(a) to compel compliance by Plaintiff Odyssey Marine Exploration ("Odyssey") with

Spain's Rule 34 request for documents duly served on Odyssey. Claimant Spain has served on

Odyssey the Rule 34 request attached hereto as Exhibit 1. Odyssey has neither produced the documents sought by the request, nor has it served on Spain any objections thereto. Claimant Spain accordingly moves for an Order directing Odyssey to comply fully and without delay by producing all responsive documents.

Undersigned counsel for Spain certifies that he has conferred with Odyssey counsel and has been unable to achieve an agreed resolution.

## MEMORANDUM OF LAW

Claimant Spain brings this motion pursuant to Fed. R. Civ. P., Rule 37(a) to compel production by Odyssey of documents responsive to a Rule 34 request (Exhibit 1 hereto) duly served on Odyssey. By its Case Management and Scheduling Order of June 11, 2008 (Dkt. 118), the Court directed discovery to proceed in this case with an October 23, 2008 cutoff date for completion of discovery as to Spain's claim. On August 8, 2008, Claimant Spain served Odyssey with its attached Rule 34 request for production of documents. Odyssey did not respond within 30 days, but instead has advised counsel for Spain that it considers discovery unnecessary because it professes uncertainty as to whether the shipwreck is the *Merchant Royall* and Odyssey has recovered and brought to this district only a limited number of artifacts from the site to date.

Spain believes document production by Odyssey is necessary to determine, among other relevant subjects, the basis for statements made by Odyssey regarding the identity of the shipwreck in its April 17, 2008 Answers to Interrogatories. (Dkt. 111) Asked to state any "working hypothesis that the site relates to a particular vessel or one among several vessels," Odyssey responded, *inter alia*, that "certain characteristics of the site, including the location, the size, cargo, number of cannon and the rough correspondence of the dates of various artifacts

appear to correspond positively with the loss of the *Merchant Royall (British Merchant vessel Captained by John Limbrey and lost in 1641)."*

In its Case Management and Scheduling Order, the Court did not grant Odyssey authority to take it on itself to decide whether it will comply with discovery requests. Document production by Odyssey is necessary to examine the information in Odyssey's possession as to the identity of the shipwreck at the site, the history of the *Merchant Royall*, the provenance of the artifacts Odyssey has taken from the site and brought to this district, the provenance of other artifacts that may have been taken from the site and/or observed at the site, and the basis for Odyssey's statements concerning the *Merchant Royall* in its answer to the interrogatories propounded by the Court.

At the request of Odyssey counsel, counsel for Spain agreed on September 15, 2008 to an Odyssey request for a temporary suspension or stay of discovery to determine if an agreement could be reached that would limit or eliminate the need for discovery. That time expired on September 22 without agreement and Odyssey has not responded to Spain's Rule 34 request.

Odyssey's Count I Claim in this case (Amended Cplt., Count II (Dkt. 35)), seeks a salvage award as to artifacts taken from the site. As to the artifacts, Claimant Spain has received to date an "Artifact Summary" that contains photographs and summary descriptions of those artifacts that were taken from the site by Odyssey and, according to Odyssey, have been brought to this district. The "Artifact Summary" provides no information regarding the results of Odyssey's examination of the artifacts for their provenance. Spain's document requests seek this necessary information, as well as the same information as to any other artifacts that may have been taken from the site and/or observed on the seabed at the site.

Additionally, there is pending in this case Odyssey's Count I claim seeking an award of title to the shipwreck (*Id.*, Count II), in which Odyssey has pleaded that it is "entitled to an adjudication of title and ownership in the Unidentified Shipwrecked Vessel, and her artifacts, and the right to continue recovery of the Unidentified Shipwrecked Vessel and her artifacts without the interference of any other salvor, claimant, agency, department or instrumentality of any government, domestic or foreign." (*Id.*, ¶28). Claimant Spain's Rule 34 request seeks documents reasonably calculated to determine the basis for Odyssey's statements regarding the identity of the shipwreck to which it seeks title, including the provenance of artifacts taken from or observed at the site, as information necessary to respond to Odyssey's Count I claim and prepare for trial or any other disposition of this case.[1] In short, Spain's document requests seek information necessary to develop and frame the issues to be resolved with respect to Odyssey's Count I claim to title of the shipwreck and its Count II claim for a salvage award.

For the foregoing reasons, Claimant Spain respectfully requests that the Court enter an Order directing that Odyssey has waived any objections to full compliance with Spain's Rule 34 request by failing to respond or object within the 30 day period required by Rule 34, order full

---

[1] Claimant Spain has also served Odyssey with a notice for depositions of Odyssey's CEO and Co-Founder Greg Stemm, Project Manager Tom Dettweiler, and Odyssey archaeologist Neil Cunningham Dobson for depositions to be taken *seriatim* from October 20-23, 2008 in Tampa. Claimant Spain has also reserved the right to take depositions of such other archaeologists or technicians as participated in Odyssey's evaluation of the shipwreck. To conduct these depositions effectively and efficiently, Odyssey's document production would need to be provided to Spain sufficiently in advance to prepare for the depositions. Claimant Spain therefore requests that, in the event such document production as the Court may order pursuant to this motion is not in the hands of Spain counsel by October 15, Spain counsel would seek leave to amend the currently scheduled October 23, 2008 cutoff date for discovery so as to take the depositions beginning seven days after Odyssey has completed producing the documents.

compliance by Odyssey with the document request and allow the depositions noticed by Spain to begin seven days after Odyssey has certified compliance with Spain's Rule 34 request.

Respectfully submitted,

s/James A. Goold
James A. Goold
District of Colombia Bar 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

David C. Banker
Florida Bar 352977
Bush Ross, PA
1801 North Highland Avenue
Tampa, Florida 33602-2656
(813) 244-9255
(813) 223-9620
dbanker@bushross.com

Dated: October 7, 2008

# CERTIFIED OF SERVICE

I hereby certify that on October 7, 2008, I caused the attached Motion to Compel Compliance with Rule 34 Document Request to be served on counsel of record for Plaintiff Odyssey Marine Exploration and Plaintiff - Intervenor Keith Bray by filing the aforementioned motion electronically via the Court's CM/ECF system, which will forward copies to all counsel of record.

_____
James A. Goold
District of Colombia Bar 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

DC: 2969658-1