Odyssey Marine Exploration, Inc. v. The Unidentified, Shipwrecked Vessel or Vessels                          Doc. 126

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

**ODYSSEY MARINE EXPLORATION, INC.**,

      Plaintiff,

vs.

CASE NO.: 8:06-CV-01685-T-23MAP

**THE UNIDENTIFIED SHIPWRECK VESSEL**,
its apparel, tackle, appurtenances and
cargo located within center point
coordinates: 49° 25' N, 6° 00' W;
Radius: 5 nautical miles

      Defendant,
      i*n rem*

and

**THE KINGDOM OF SPAIN**,

      Claimant,

and

**KEITH BRAY**,

      Intervening Plaintiff,

vs.

**ODYSSEY MARINE EXPLORATION, INC**.

      Defendant.
_____/

## **RESPONSE TO ODYSSEY'S MOTION FOR PRELIMINARY PRETRIAL CONFERENCE**

COMES NOW the Intervening Plaintiff, KEITH BRAY, by and through the undersigned attorney, and files the following response to the Plaintiff's, Odyssey, Motion For Preliminary Pretrial Conference, and the Intervening Plaintiff states the following:

    1.    First, Intervening Plaintiff, KEITH BRAY, is not in agreement with any attempt by

Dockets.Justia.com

Odyssey to limit the scope of inquiry or discovery in this case, and this position has been made known to Odyssey, including very recently in writing.

2.  Second, KEITH BRAY, granted additional time to Odyssey to respond to BRAY's Request For Production and Interrogatories, and once Odyssey responded, the responses were filled with objections and non-production of documents. KEITH BRAY's position is that it would be difficult to have a productive Pretrial Conference when fundamental discovery has not been provided. (Some limited discovery was provided by Odyssey; a Motion To Compel by KEITH BRAY is forthcoming.)

3.  BRAY is not in favor of having a Pretrial Conference for the sole purpose of Odyssey seeking to "limit the issues to be decided by the Court". It is the position of BRAY that a Pretrial Conference is not needed, but that the rules of Federal Civil Procedure are sufficient to govern the case.

4.  The only reason or issue, if it all, that might be relevant at a Pretrial Conference is a re-setting of discovery dates, which has become necessary due to the course of this case. (A Motion to move and extend discovery deadlines by KEITH BRAY is forthcoming.) However, the Intervenor is confident that even this issue can be addressed by the Court without the need for a hearing.

WHEREFORE, the Intervenor, KEITH BRAY, responds to the Plaintiff's, Odyssey, Motion For Pretrial Conference and opposes the same.

## **MEMORANDUM OF LAW**

The Court, by Local Rule and by caselaw has the ability and authority to govern its docket. It is the position of the Intervenor that a Pretrial Conference is not necessary at this time.

## **CONCLUSION**

For the foregoing reasons, the request by Odyssey should be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Allen von Spiegelfeld, Esq.,** Fowler White Boggs Banker P.A., P. O. Box 1438, Tampa, FL 33601; **Melinda J. MacConnell, Esq**., 5215 West Laurel Street, Tampa, FL 33607; **James A Goold, Esq.**, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington DC 20004; and **David C. Banker, Esq**., **J. Carter Andersen, Esq**., **Keith D. Skorewicz, Esq**., Bush Ross P.A., 220 S. Franklin Street, P.O. Box 3913, Tampa, FL 33601.

Respectfully Submitted,

/s/Frank D. Butler
Frank D. Butler, Esquire
Fla. Bar No. 940585
David M. Bulluck, Esquire
Fla. Bar No. 0021476
10550 U.S. Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Attorneys for Plaintiff
fdblawfirm@aol.com