UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.        :
                                        :
            Plaintiff,                  :        CIVIL ACTION
      v.                                :
                                        :        CASE NO.  8:06-CV-1685-SDM-MAP
THE UNIDENTIFIED, SHIPWRECKED VESSEL    :
its apparel, tackle, appurtenances and  :
cargo located within center             :
point coordinates: 49°, 25' N, 6 ° 00' W; :
Radius: 5 nautical miles,               :
                                        :
                                        :
            Defendant.                  :
      *in rem*                          :
                                        :
and                                     :
                                        :
THE KINGDOM OF SPAIN,                   :
                                        :
            Claimant.                   :
_____/:
                                        :
KEITH BRAY,                             :
                                        :
            Intervening Plaintiff/Claimant, :
      v.                                :
                                        :
ODYSSEY MARINE EXPLORATION, INC.        :
                                        :
            Defendant.                  :
_____/:

**KINGDOM OF SPAIN MOTION TO COMPEL
COMPLIANCE WITH COURT ORDER
DIRECTING COMPLIANCE WITH RULE 34
REQUEST AND FOR RULE 37 SANCTIONS**

Claimant Kingdom of Spain ("Spain") hereby moves for an Order requiring Plaintiff Odyssey Marine Exploration ("Odyssey") to comply with the Court's Order of October 16, 2008 (Dkt. 124) and for Rule 37 sanctions for Odyssey's failure to do so. The October 16 Order ruled that Odyssey had waived all objections to Spain's Rule 34 request and required Odyssey to comply with the requests by October 20, 2008. Odyssey did not comply with the Order. Instead, Odyssey served Spain with objections to every one of Spain's requests and produced only a handful of carefully selected, non-substantive daily "Vessel Operations Reports" for one of Odyssey's vessels that contain nothing about, among other critical subjects, the identity and/or history of the shipwreck or the provenance of the artifacts. The extent of Odyssey's disregard for the Court's Order is illustrated by the fact that it did not produce, for example, the "file of information relative to the shipwreck of the MERCHANT ROYAL" that Odyssey obtained from Plaintiff, Intervenor Keith Bray, identified in the April 1, 2006 agreement with Mr. Bray that Odyssey submitted to the Court in answer to Mr. Bray's Complaint. (Dkt. 79-2).

Undersigned counsel hereby certifies that he has conferred with opposing counsel and sought in good faith to resolve the issues raised by the motion and there has been no agreement on resolution of the motion.

Memorandum of Law

The Court's Order of October 16, 2008 (Dkt. 124) was clear, direct and unconditional: 1) Spain's motion to compel was granted; 2) "Odyssey has waived any objections it may have had" to Spain's Rule 34 requests; and 3) Odyssey was ordered to comply by October 20.

In violation of the Court's Order, Odyssey's October 20 response, submitted herewith as Exhibit 1 objects to each of Spain's requests rather than producing documents. Odyssey's Response objects to each of Spain's document requests on grounds, *inter alia,* that they "seek

information that consists of or comprises trade secrets of Odyssey," is "considered to be a trade secret of Odyssey," is "non-public" or is "contractually confidential." Odyssey also objects to each "request to the extent that it calls for the production of documents protected by the attorney-client privilege and the work product doctrine." Odyssey also asserts objections on grounds such as that documents responsive to Spain's requests "may be obtained independently by claimant, Spain" from non-parties and will not therefore be produced by Odyssey.

The Court has decreed that Odyssey "has waived any objections it may have had." There is nothing ambiguous about the Court's Order and it is consistent with the established law in this court and elsewhere that failure to object to a discovery request "waives all objections, including those based on privilege or work product." *Third Party Verification, Inc.* v. *Signaturelink, Inc.*, 2007 WL 1228361 at p. 3 (M.D. Fla. 2007), quoting *Ramirez* v. *County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). The waiver also includes any objection to production of documents based on claims that they contain trade secrets. *Third Party Verification, Inc., supra,* at p.6.[1]

Odyssey cannot now respond with opaque and evasive objections as if the Court had not ruled, rather than producing documents as ordered. Even if the Court had not ruled as it did, refusing to produce documents on claims that Odyssey considers them "non-public" or "confidential" was not a valid objection in the first place: the Protective Order (Dkt. 82) entered at Odyssey's urging in this case provides procedures for documents that are truly confidential to be produced and designated as confidential and used only for the purposes provided in the Order:

---

[1]    Even where a party has raised a general claim of privilege, privilege may be waived by failure to comply with the Rule 26(b)(5)(a) requirements for a description of the withheld information. *Pitts* v. *Francis*, 2008 WL 2229524 (N.D. Fla. 2008) at pp. 5-6. Odyssey's October 20 Responses consist only of vague assertions of privilege, with no privilege log or other support.

Previous filings in this case by Odyssey and other representations by Odyssey show the indefensibility of Odyssey's failure to comply with the Court's Order.

- In its Complaint (Dkt.1), Odyssey represented that it had "invested substantial time, money and effort in researching the history of the Defendant Shipwrecked Vessel" (¶ 14) and its "research has led it to believe more valuable cargo may be located at or near the site" (¶ 7). No documents relating to this research have been produced.

- Odyssey also represented that it "is currently developing an excavation plan and conservation process" to ensure that its recovery operations are consistent with rigorous archaeological protocols." (*Id.*, ¶ 9). No such documents have been produced.

- In an affidavit in support of a motion for a protective order, Odyssey Co-Founder and CEO Greg Stemm represented that Odyssey's work relating to this shipwreck involved "the labors of dozens of Odyssey employees and consultants as well as substantial research and investigation into the Defendant Site and the artifacts from the Defendant Site." (Dkt. 36-2, ¶ 5).

No documents relating to any consultants, or any other "research or investigation" concerning the actual or potential identity and history of the vessel or the provenance of its artifacts has been produced.[2]

_____

[2]   In response to the Court's Disclosure Order of January 10, 2008 (Dkt. 81), Odyssey produced an eight page document, titled "Preliminary Site Assessment." As the Court may have noted from its previous examination of this document as Exhibit E to Spain's Motion for an Order Declaring Certain Materials As Not Confidential (Dkt. 85) (see also March 12, 2008 Order at p. 3 (Dkt. 99) that document conspicuously omits any discussion of the actual or potential identity or history of the shipwreck or the provenance of artifacts taken from or observed at the site. The "Artifact Summary" that Odyssey produced also contains no discussion of their provenance or the identity of the vessel. The Preliminary Site Assessment was found to be confidential by the (continued...)

- Odyssey represents that, before it conducts search or recovery operations, it engages "top shipwreck researchers." "Data from these researchers is brought in and checked against Odyssey's own database and resources, compared with information from other experts, and then reviewed in exhaustive detail before further money is spent on the project." (Dkt. 84-2).

No documents relating to such activities have been produced.

- Odyssey's agreement with Mr. Bray states that the research file he provided to Odyssey "includes information which has also been obtained by Odyssey from other sources." (Dkt. 79-2).

Neither the information provided by Mr. Bray, nor information obtained by Odyssey from any other sources, has been produced.

- In its Answers to the Court's Interrogatories, Odyssey stated that "Certain characteristics of the site, including the location, the size, cargo, number of cannons and the rough correspondence of the dates of various artifacts appear to correspond positively with the loss of the *Merchant Royall* (Dkt. 111).

No documents reflecting the information on which this statement was based have been produced.

- At the June 23, 2008 pretrial conference, Odyssey counsel disclosed that its vessel had very recently returned to the site (Dkt. 119, Transcript, p. 5). Odyssey has refused to

---

Court because of concerns about disclosure of location information (Dkt. 99 at p. 4). Should the Court wish to re-examine the Preliminary Site Assessment, counsel will provide it under seal.

produce any documents relating to 2008 activities at or relating to the site, or what is learned from this work.

For the convenience of the Court, following also is a summary of the individual Document Requests with which Odyssey was ordered to comply and Odyssey's October 20 "Responses and Objections":

- Request 1 seeks documents containing information regarding the "actual or potential identity, history, provenance or other characteristics" of the vessel and the artifacts at issue in this case, including the information on which Odyssey based its Answers to the Court's Interrogatories (Dkt. 111).

Odyssey produced no documents relating to these key subjects, objecting based on claims of privilege and/or "trade secrets". Odyssey's Response states that it "previously produced all discoverable documents requested herein." (emphasis added). Odyssey has apparently deemed documents containing such information "not discoverable," regardless of the Court's Order holding that any such objection has been waived.[3] Odyssey apparently deems even the documents comprising the file of research it obtained from Keith Bray in April 2006 to be not "discoverable," and likewise the research that Odyssey stated in its agreement with Mr. Bray that it had "obtained from other sources."

---

[3]    Odyssey's Response and Objections to this request refer to the artifact photographs and other documents and images it disclosed in response to the Court's January 10, 2008 Disclosure Order (Dkt. 81). As noted above, however, the documents Odyssey disclosed in response to that Order contained not one word about the identity of the vessel or the provenance of the artifacts. Odyssey claimed at that time that it should not have to disclose research regarding the identity of the shipwreck and/or that any research concerning the identity of the vessel or the artifacts is privileged. (Odyssey Response to Spain Motion to Compel Compliance, February 8, 2008 at pp. 6-13). Any objection to producing these documents in response to Spain's Rule 34 request is now waived by order of the Court.

- Request 2 seeks documents concerning historical research regarding the *Merchant Royall* including from Mr. Bray, and any documents identifying the contents of the vessel, including funds placed on the vessel by or for the Kingdom of Spain.

Odyssey recites the same objections to this request and produced no documents in response to this request.

- Request 3 sought documents concerning the discovery of the site, the taking of artifacts from the site and any evaluation of the "identity, origin or other characteristics of the vessel."

Again, Odyssey produced no documents containing any such information. Odyssey's Response states that "Vessel Operations Reports" were produced in response to this request. These reports (Exhibit 2) report the names of personnel on an Odyssey vessel, fuel consumption, weather reports, and equipment deployed, with nothing about the identity, origin or characteristics of the sunken vessel Odyssey was examining, or what led Odyssey to the site, much less the provenance of the artifacts taken from or at the site.[4]

- Request 4 seeks documents concerning the Spanish funds referred to in Spain's May 8, 2008 Interrogatory Answers. (Dkt. 114).

---

[4]  Because the "Vessel Operations Reports" consist of only 34 pages and show the extent to which Odyssey tailored its document production to avoid disclosures of substantive information, the complete set of these reports as selected and produced by Odyssey is provided as Exhibit 2. Odyssey designed all of these documents as confidential but has since agreed that they need not be considered confidential. However, Odyssey counsel has asked that the names listed in these documents be considered confidential for privacy reasons. Because the names of the individuals listed in the reports are not material to this motion, the names have been redacted as a courtesy to avoid an unnecessary side issue in this motion. But even the hand-picked selection of these reports is incomplete. Odyssey has stated in responses to discovery requests of Mr. Bray that the shipwreck was located in April 2006 and, as noted above, Odyssey returned to the site in June of this year. The reports are limited to August - October, 2006.

Odyssey objects to producing any such documents, and produced no responsive

documents. Odyssey's Response states "otherwise and without waiving the aforementioned

objections," it has produced "all discoverable" documents. Odyssey's opaque response thus

appears to state that it deems the documents in its possession that are responsive to this request to

be not "discoverable," based on objections the Court has deemed waived.

- Request 5 seeks documents concerning Odyssey's decision to expend corporate funds for

  search operations for the vessel that is the subject of this case.

Again, Odyssey produced no responsive documents and states that it objects to producing

documents that contain "confidential non-public information." Any such objection would not

have been valid if it had been timely made and it has been waived by the Court's Order.[5]

- Request 6 seeks, *inter alia*, documents to or from "[Henri] Delauze or Robert Stenuit"

  concerning the vessel that is the subject of this case.

Counsel is informed that Mr. Delauze is a former member of Odyssey's Board of

Directors. Counsel is also informed that each of these individuals resides in Europe and that they

conducted an examination of this shipwreck some time prior to 2006, by or through a French

company named COMEX that is or was owned or controlled by Mr. Delauze. The August 16,

2006 "Vessel Operations Report" produced by Odyssey refers to the shipwreck as the "COMEX

site," confirming a link between the shipwreck at issue in this case and COMEX. (See Exhibit 2,

---

[5]  Odyssey "directs claimant to its publicly filed [SEC] reports. Those reports contain no
information about Odyssey's decision to search for this shipwreck or any information about the
exhaustive studies Odyssey says it conducts before it expends funds on searching for a target
shipwreck. Odyssey's SEC November 3, 2006 Form 10-Q reporting the filing of this case states
only that the shipwreck is "believed to be a 17th century merchant vessel."
(http://www.sec.gov/Archives/edgar/data/798528/000119312506228332/d10q.htm). Odyssey's
response to this request could hardly be more evasive and unresponsive.

August 16, 2006 report at page 2). Any information derived from these individuals and in the possession of Odyssey, or otherwise shedding light on Odyssey's interest in the site, is clearly discoverable - even if Odyssey's objections had not been stricken by the Court. Yet Odyssey refused to produce any documents, saying that Spain should obtain them "independently" from Messrs. Delauze or Stenuit. There is simply no excuse for Odyssey to fail to produce these documents, much less to claim that Spain counsel should have to try to locate these individuals and either attempt to persuade third parties to provide information that Odyssey has been ordered to produce, or try to undertake discovery against third parties in France, Belgium, or wherever they may be.

- Request 7 seeks documents containing communications with or information provided by one David Hebb. Counsel for Spain believes that Mr. Hebb is an English researcher engaged by Odyssey to conduct research concerning shipwrecks. Odyssey's response is notable: it says in response to this request - and only this request - that "Odyssey has conducted a good faith search for such documentation" and has not located any responsive documents. Nevertheless, Odyssey asserts an objection to producing "research documentation which is considered to be a trade secret of Odyssey."

- Request 8 seeks documents concerning an examination of the site by Odyssey during 2008 and any future plans for operations at the site. Odyssey has acknowledged at the June 9, 2008 Pretrial Conference that its ship had just conducted a re-examination of the site (Dkt. 119; Transcript of June 9, 2008 Pretrial Conference at pp. 4-5), yet it categorically and inexplicably refuses to produce any documents about this re-examination and any future plans it may have concerning the shipwreck or recovery of artifacts from the site, as a result of its recent work at the site.

Relief

Claimant Spain respectfully submits that Odyssey stands in direct and willful violation of the Court's October 16 Order that amounts to contempt of Court. Rule 37(b) of the Federal Rules of Civil Procedure provides that when a party "fails to obey an order to provide or permit discovery," the Court "may make such orders in regard to the failure as are just" and authorizes a wide array of sanctions, including an order to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Claimant Spain requests that the Court enter an Order designed as an initial matter to compel rapid and complete compliance with its October 16 Order. Toward that end, it is requested that the Court order Odyssey to: 1) immediately conduct a comprehensive search to identify and copy all documents responsive to the Rule 34 requests (including emails and documents stored in any other form) with a deadline to be set by the Court for completion of the search and production of copies of the documents to Spain's counsel;[6] and 2) provide written certification at the time of production that a comprehensive search has been conducted, all responsive documents have been copied and produced, and no responsive documents have been withheld.

Rule 37(b) also identifies a range of other sanctions within the Court's authority, plus sanctions for contempt. Spain respectfully submits that other such sanctions should be considered, in view of Odyssey's direct violation of the Court's Order and the resistance to non-disclosure that has characterized Odyssey's conduct throughout this and related cases before the

---

[6]    Claimant Spain suggests a deadline of 10 calendar days.

Court. Because this case, like Case 8:07-cv-00614-SDM-MAP, involves claims by Odyssey to the property of others, including a salvage award, Spain also incorporates by reference its Motion to Dismiss or for Summary Judgment in Case 8:07-cv-00614 (Dkt. 131), pages 33-34, with regard to the particularly high standard of conduct required of parties seeking salvage awards in admiralty courts.

Finally, Spain notes that Rule 37(b) authorizes an award of reasonable expenses, including attorney's fees, for failure to obey a discovery order unless the Court finds that the failure was "substantially justified." Spain submits that a monetary sanction is appropriate here.

Dated: October 24, 2008

_____s/James A. Goold_____
James A. Goold
District of Columbia Bar 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

David C. Banker
Florida Bar 352977
Bush Ross, PA
1801 North Highland Avenue
Tampa, Florida 33602-2656
(813) 244-9255
(813) 223-9620
dbanker@bushross.com

## Certificate of Service

I hereby certify that I caused the above Motion To Compel Compliance With Court Order Directing Compliance With Rule 34 Request and For Rule 37 Sanctions of Claimant Kingdom of Spain to be served on counsel of record for Plaintiff Odyssey Marine Exploration and Intervening Claimant Keith Bray by filing it with the Court's CM/ECF system on October 24, 2008.

James A. Goold
District of Columbia Bar 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com