UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | | |
|---|---|---|
| ODYSSEY MARINE EXPLORATION, INC. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | Case No: 8:06-CV-01685-SDM-MAP |
| | : | |
| THE UNIDENTIFIED SHIPWRECKED VESSEL | : | |
| its apparel, tackle, appurtenances and | : | |
| cargo located within center | : | |
| point coordinates: 49° 25' N, 6º 00' W; | : | |
| Radius: 5 nautical miles, | : | |
| | : | |
| Defendant. | : | |
| *in rem* | : | |
| and | : | |
| | : | |
| The Kingdom of Spain, | : | |
| | : | |
| Claimant. | : | |
| _____/ | : | |
| | : | |
| KEITH BRAY, | : | |
| | : | |
| Intervening Plaintiff/Claimant, | : | |
| v. | : | |
| | : | |
| ODYSSEY MARINE EXPLORATION, INC., | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

**MEMORANDUM IN OPPOSITION TO KINGDOM OF SPAIN'S
MOTION TO COMPEL COMPLIANCE WITH COURT ORDER
<u>AND FOR RULE 37 SANCTIONS</u>**

Counsel for ODYSSEY MARINE EXPLORATION, INC. (hereinafter "Odyssey") believes that the vitriol and accusatory tone of opposing counsel's motion is inappropriate and does not serve to resolve the issue at hand in a reasonable manner. It is respectfully submitted that the Motion to Compel and for Sanctions (Dkt. 129) is disingenuous at best and intentionally misleading at worst. Counsel for the KINGDOM OF SPAIN (hereinafter "Spain") either has forgotten, or has intentionally not advised the Court, that he and his client have been provided with access to all of the artifacts that are within the Middle District of Florida and the subject of the claim for salvage interest by Odyssey. Moreover, they had previously been provided with a photomosiac of the site in question as well as individual photographs of the site. Prior to this summer's visit to the site by an Odyssey vessel, Odyssey opened up their offices to opposing counsel to review everything that had been found. Last, but by no means least, there is no mention in the motion that counsel for Spain received a letter from Melinda MacConnel (Exhibit "A") that advised him that Odyssey had provided Spain with all of the documents in their possession and that they were trying to obtain a few additional documents which were not readily available. Spain's motion also attacks Odyssey for setting forth objections in their responses to the request for production. However, counsel for Spain failed to note that he had been advised by Ms. MacConnel that Odyssey had only objected for form and that they had produced all of the documents in their possession related to the site in spite of their objection. Ms. MacConnel did note that there were a few more documents and that they would be sent once they were sourced, but none that would add substantive data beyond what had already been furnished. Furthermore, she said that Odyssey would continue to search, and any additional documents that might be

located would be sent.  In fact, all remaining documents in the possession of Odyssey with the exception of the research items described in Ms. MacConnel's letter have been provided to counsel for Spain.

The only items that have not been produced to counsel for Spain are those proprietary research items that were obtained by Odyssey as a result of extensive time, effort and cost, all of which may be utilized in connection with this litigation and were prepared in anticipation of the admiralty proceedings, and thus should be considered work product.  Objection to production of Odyssey's proprietary research files has been made throughout this litigation, and is an important principle in protecting the rights and property of Odyssey shareholders. Odyssey's research files, which are comprised mostly of public documents which are available to Spain, perhaps even more readily than to Odyssey, should be considered a trade secret of the Company.  The documents, along with comments and analysis of experienced researchers who have been paid for their services, are similar to specific formulas derived by scientists or manufacturers, and even if produced under a protective order, the knowledge gained from them cannot be erased from memory.  Nonetheless, even those research items have been offered to Spain if they are willing to agree that neither Spain nor their counsel will use the research, or provide the research to any other entity that may engage in efforts to find the MERCHANT ROYALL.  Furnishing this research to others, or even providing clues based on knowledge gained from this research, could lead to the discovery of the subject shipwreck which would cause excessive financial damage to Odyssey's shareholders rendering the investment of time and money put into the research virtually useless with no recourse for the Company.

Odyssey has not concluded that the wreck site that is the subject matter of this litigation is in fact the MERCHANT ROYALL. Mr. Goold, counsel for Spain, is the Chairman and Director of a shipwreck exploration organization that possesses the technology, means and a stated interest in finding shipwrecks such as the MERCHANT ROYALL (as revealed at the organization's website http://www.rpmnautical.org/Staff-page.htm), and it would be inappropriate to use the rules of discovery to obtain expensive research developed by Odyssey for the use of his own company or to provide others to use, in any manner to help find the MERCHANT ROYALL. Odyssey is aware that Mr. Goold has been in contact and shared information about Odyssey with at least one competing shipwreck exploration organization who as recently as this past year has engaged in search operations in the general area of the MERCHANT ROYALL, so it is not unreasonable to seek a guarantee from him that this information will not be shared with any other entities. Spain has failed to explain the need for Odyssey's research, which counsel for Spain clearly knows a lot about, since in Spain's motion, they set forth authors of various research papers which Mr. Goold has sought to obtain directly from researchers in spite of the researcher's confidentiality agreements with Odyssey; however, if Mr. Goold would agree to only use the research to determine Spain's rights to the artifacts that are presently in the Middle District of Florida or to the wreck site, Odyssey would agree to make this information available to him. It should be noted that Mr. Goold has stated on the record, at the June 9, 2008, hearing before this Honorable Court (Transcript of June 9, 2008 Hearing, page 23), that the MERCHANT ROYALL was a British ship and the only potential interest that Spain had in the vessel was to a shipment of money. Mr. Goold also acknowledged that it was his belief that others had

apparently visited this site. The only items that this Court is being asked to determine title to are non-monetary in nature, so would clearly not be part of the shipment of money that Mr. Goold alleges may have belonged to Spain. An artifact list has been provided to Mr. Goold with photographs, and the artifacts have been made available to him for inspection at his request. Even if the site in question is the MERCHANT ROYALL, according to Mr. Goold, Spain has no interest in any of the objects that are subject to the jurisdiction of this Court.[1]

Since there is no silver specie or bullion that has been found at this site and opposing counsel has indicated that Spain's only interest is the silver, the demand for Odyssey's research is unwarranted and unclear. If opposing counsel or his client now believe that this site is not the MERCHANT ROYALL, they would be expected to clearly understand that the research obtained, analyzed and paid for by Odyssey is a valuable tool for further search operations. It is possible that they would use this research or the information garnered therefrom for their own search. Clearly, discovery is not meant to put one of the parties in an economic or competitive advantage unrelated to the litigation. Therefore, if counsel for Spain and his client have no ulterior motive, they should agree that they will only use the research and the information provided by Odyssey for the purposes of determining their rights to the artifacts in this litigation, and guarantee that none of this information will be made available in any manner to any other parties.

In conclusion, Odyssey has produced or is in the process of producing, all of the documents requested by counsel for Spain with the exception of some proprietary research

---

[1] The Court does not have jurisdiction to award title to objects that are not within the Middle District of Florida. <u>R.M.S. Titanic, Inc. v. Haver</u>, 171 F. 3d 943, 964 (4th Cir. 1999).

items which Odyssey has agreed to produce with the sole caveat that said research only be used for the purposes of this case. Prior to Spain filing its Motion to Compel and for Sanctions, counsel for Odyssey made Spain aware that they had, or would produce, all of the documents except for the proprietary research items described above. However, counsel for Spain did not wait to obtain the additional documents and was not willing to even discuss a solution regarding the sensitive nature of the proprietary research documents. It is respectfully submitted that Spain did not make a good faith effort to resolve this discovery dispute as is required by Local Rule 3.01. This Court noted the questionable relevance of the research being requested (<u>Transcript of Proceedings – March 5, 2008</u>, page 10, lines 11-19 and page 23, lines 9-14). However, if the Court feels that it is necessary to produce these documents, it is requested that limitations be placed on their use.

## **RELIEF**

It is the position of Odyssey that they have complied with the Court's Order to date. Some of the documents were not available on the date set forth in this Honorable Court's Order to Compel. However, those documents have been subsequently produced to counsel for Spain. Spain has received all of the documents and items that were requested and are in the possession of Odyssey other than proprietary research that has been discussed at length in this memorandum. It is Odyssey's position that Spain should be required to agree to limit the use of any research produced by Odyssey to this case. Spain should be prohibited from using Odyssey's efforts, research, and resources to benefit itself, its attorney, or any other entities which might benefit from this research to the detriment of Odyssey's shareholders. Monetary sanctions are not appropriate in this case since Spain did not try to resolve their

dispute with Odyssey prior to filing the Motion to Compel and for Sanctions.  Furthermore, Spain's assertion that there was contempt or that dismissal might be an appropriate action is not correct.  In <u>Marshall v. Segona</u>, 621 F.2d 763, 767 (5th Cir. 1980), the Court pointed out that dismissal is a sanction that should only be used in "extreme circumstances."  Considering that, at best, Odyssey did comply with this Court's Order and at worst, Odyssey did not comply to the complete liking of Spain, a sanction involving dismissal would not be appropriate.

        Respectfully submitted,

        s/ Allen von Spiegelfeld
        Allen von Spiegelfeld – FBN 256803
        avonsp@fowlerwhite.com
        Eric C. Thiel – FBN 016267
        ethiel@fowlerwhite.com
        FOWLER WHITE BOGGS BANKER P.A.
        P.O. Box 1438
        Tampa, Florida  33601
        (813) 228-7411
        Facsimile:  (813) 229-8313

        s/ Melinda J. MacConnel
        Melinda J. MacConnel – FBN 871151
        Odyssey Marine Exploration, Inc.
        5215 West Laurel Street
        Tampa, FL  33607
        (813) 876-1776, ext. 2240
        Fax:  (813) 830-6609
        E-mail:  mmacconnel@shipwreck.net

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 30, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain,* and Frank D. Butler, Law Offices of Frank D. Butler, P.A., 10550 US Hwy 19 North, Pinellas Park, FL 33782, *Attorneys for Intervenor Plaintiff.*

                                               s/ Allen von Spiegelfeld
                                               Allen von Spiegelfeld – FBN 256803
                                               avonsp@fowlerwhite.com
                                             Eric C. Thiel – FBN 016267
                                             ethiel@fowlerwhite.com
                                             FOWLER WHITE BOGGS BANKER P.A.
                                             P.O. Box 1438
                                             Tampa, Florida 33601
                                             (813) 228-7411
                                             Facsimile: (813) 229-8313


                                             s/ Melinda J. MacConnel
                                             Melinda J. MacConnel – FBN 871151
                                             Odyssey Marine Exploration, Inc.
                                             5215 West Laurel Street
                                             Tampa, FL 33607
                                             (813) 876-1776, ext. 2240
                                             Fax: (813) 830-6609
                                             E-mail: mmacconnel@shipwreck.net

                                             Attorneys for Plaintiff