UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ODYSSEY MARINE EXPLORATION, INC.,

        Plaintiff,

v.                                    Case No. 8:06-cv-1685-MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle, appurtenances
and cargo located within center point
coordinates: 49° 25' N, 6° 00' W;
Radius: 5 nautical miles,

        Defendant.
        *in rem*

and

THE KINGDOM OF SPAIN,

        Claimant.
_____/

KEITH BRAY,

        Intervening Plaintiff/Claimant,

v.

ODYSSEY MARINE EXPLORATION, INC.,

        Defendant.
_____/


## ORDER

This cause is before the Court on Intervenor Keith Bray's motion to extend discovery

deadlines (doc. 128). On Jule 11, 2008, the Court entered a case management order providing

that discovery would close on October 23, 2008. On the date of the close of discovery,

Intervenor filed his motion requesting discovery be extended to April 23, 2009.

With respect to extensions of time for discovery completion, the discovery handbook for

the Middle District of Florida provides:

> <u>Extension of Time for Discovery Completion</u>. Occasionally, the Court will allow additional discovery time upon motion, but it is a serious mistake to assume that an extension of the discovery completion date will be granted. When allowed, the discovery completion date is normally extended only upon a written motion showing good cause (including due diligence in the pursuit of discovery before the completion date) and stating both the specific additional discovery needed and it its purpose. Motions for extension of discovery time are treated with special disfavor if filed after the discovery completion date and will normally be granted only if it clearly appears that an extension will not necessitate the continuance of a scheduled trial.

Middle District Discovery (2001) at I.F.2. Intervenor's motion does not even begin to satisfy the

requirements of the Court's discovery rules. If, as Bray asserts, Odyssey failed to meet its

discovery obligations, Bray should have filed a timely motion to compel. Bray has not done so.

The Court notes the parties may, of course, "by agreement … conduct discovery after the formal

completion date but should not expect the Court to resolve discovery disputes arising after the

discovery completion date." Middle District Discovery (2001) at I.F.1.

For the stated reasons, it is hereby

ORDERED:

1.      Intervenor Keith Bray's Motion to extend discovery deadlines (doc. 128) is

        DENIED.

IT IS SO ORDERED at Tampa, Florida on October 31, 2008.


MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


Copies to: Counsel of Record