UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | |
|---|---|
| ODYSSEY MARINE EXPLORATION, INC. : <br> : <br> Plaintiff, : <br> v. : <br> : <br> THE UNIDENTIFIED, SHIPWRECKED VESSEL : <br> its apparel, tackle, appurtenances and : <br> cargo located within center : <br> point coordinates: 49°, 25' N, 6 ° 00' W; : <br> Radius: 5 nautical miles, : <br> : <br> : <br> Defendant. : <br> *in rem* : <br> : <br> and : <br> : <br> THE KINGDOM OF SPAIN, : <br> : <br> Claimant. : <br> _____/: <br> : <br> KEITH BRAY, : <br> : <br> Intervening Plaintiff/Claimant, : <br> v. : <br> : <br> ODYSSEY MARINE EXPLORATION, INC. : <br> : <br> Defendant. : <br> _____/: | CIVIL ACTION <br><br> CASE NO.  8:06-CV-1685-SDM-MAP |

Kingdom of Spain Response to Motion For
Reconsideration of Order Granting Motion to Compel And Sanctions

Claimant Kingdom of Spain ("Spain") hereby responds to the Odyssey Marine Exploration ("Odyssey") Motion for Reconsideration of Order Granting Motion to Compel and Sanctions (Dkt. 137).

Odyssey's motion contains no valid grounds for the extraordinary relief it seeks. Indeed, for the most part, Odyssey's motion consists of repeating arguments made in opposition to Spain's initial motion to compel (Dkt. 123), set forth in the October 20, 2008 Responses and Objections that it served on Spain instead of complying with the October 16, 2008 Order (Dkt. 124), and reargued in opposition to Spain's renewed motion to compel and for sanctions. (Dkt. 133). The Court has now ruled twice that Odyssey must comply fully and unconditionally with Spain's Rule 34 requests (Dkt. 122, Dkt. 134) and reinforced that ruling by its October 31 finding that Odyssey's disobedience was misconduct that necessitated sanctions. (Dkt. 134). Presenting the same arguments yet again is no basis for reconsideration of the Court's Orders.[1]

Odyssey's motion also confirms that Odyssey's concern that it may be perceived as "trying to avoid legitimate discovery and/or disregard the Court's rules and instructions" (Dkt. 137, p. 2) is well-founded. In opposition to Spain's renewed motion to compel, Odyssey represented that it had advised opposing counsel "that Odyssey had provided Spain with all of the documents in their possession and that they were trying to obtain a <u>few</u> additional documents which were not readily available." (Dkt. 133, p. 21; emphasis added). Indeed, Odyssey went so

---

[1] For example, in opposition to Spain's initial motion to compel, Odyssey represented that the motion should not be granted because it was filed "surprisingly" and without prior notice. (Dkt. 123, p. 2). In its motion to reconsider, Odyssey again claims that Spain's motion to compel was filed "without warning." (Dkt. 137, p. 3). Yet as Exhibit 4 to the Odyssey motion shows (Dkt. 137-4), in fact Odyssey counsel was advised on October 1, 2008 that a motion to compel was forthcoming and was told to expect it by October 3 or 6. Spain's motion to compel was filed on October 7, 2008 (Dkt. 121). Odyssey counsel had a full week's warning that it was coming.

far as to state that "It is the position of Odyssey that they have complied with the Court's Order to date." (Dkt. 133,p. 6). But now, in its motion for reconsideration, Odyssey pleads that it is unable to comply with the October 31 Order (Dkt. 134) because the documents it has failed to produce encompass "many pages of documentation. . . . from many different files, both physical and on computers." (Dkt. 137, p. 6). Odyssey now argues that there are so many documents it failed to produce that it needs "a minimum of two additional weeks" from November 6, i.e. until November 20 to "accumulate the documentation," even though Spain's Rule 34 requests were served on August 8, 2008 and Spain's initial motion to compel was granted on October 16, with an October 20 response date. In response to Spain's initial motion and in response to Spain's renewed motion to compel, Odyssey sought to persuade the Court and counsel that it had largely, if not entirely, complied with the Rule 34 requests. Odyssey now reverses course and tellingly admits that there are so many documents it has failed to produce that it now needs a minimum of two additional weeks "to accumulate the documentation."[2]

Odyssey also argues that compliance with the Court's order is unnecessary, in its view, because it would like to limit the case to "the artifacts that are presently in the Middle District." (Dkt. 137, p.4). Odyssey now argues, for example, that "whether or not this site is or is not the MERCHANT ROYALL is irrelevant as to the artifacts that are presently in the Middle District..." (Id.). But Count I of Odyssey's Verified Complaint (Dkt. 7) seeks an adjudication of title to the shipwreck. The identity of the shipwreck is central to this case, as is the provenance of the artifacts taken from or observed at the site. Odyssey's argument that the case should now

---

[2] Odyssey made no claim that it needed additional time in response to Spain's initial motion to compel, in its October 20 Responses and Objections, or in response to Spain's renewed motion to compel.

be limited to those artifacts it chose to bring to the Middle District was also the premise for its motion for a preliminary pretrial conference (Dkt. 125) that was denied by the Court in light of Spain's motion to compel. (Dkt. 131).[3]

Odyssey's argument once again that the case concerns only those artifacts it brought to this district only shows why full compliance is essential. In bringing this action, Odyssey represented to the Court that "any further artifacts recovered from the Defendant Shipwrecked Vessel will be recovered under the jurisdiction of this Court, and will be within the actual and/or constructive possession of this Court or its duly-appointed Substitute Custodian during the pendency of this action." (Odyssey Verified Cplt., ¶ 11 (Dkt. 1)). In a July 8, 2008 letter to counsel and the Court, Odyssey counsel reported on Odyssey's June 2008 further examination of the site and "whether they had done any further salvage work while on the site." (Exhibit 1). The letter reported that "We can now advise you that there were no further artifacts brought back from the site." After Spain counsel pointed out that Odyssey had failed to produce a single document concerning the 2008 re-examination of the shipwreck, Odyssey counsel produced "Vessel Operations Reports" for five days of work at the shipwreck in June 2008. Like the earlier similar reports, these documents contain nothing about the identity or history of the shipwreck or provenance of the artifacts taken from or observed at the site. The June 4, 2008 Odyssey "Vessel Operations Report" (Exhibit 2) reports that Odyssey was at the site conducting an "archaeological evaluation of the site as part of the film project" and had taken on board its vessel a "recovered artifact" from the site.

---

[3] Odyssey's motion for reconsideration thus flies in the face of the Court's Order denying that motion as well. (Dkt. 125.).

As to Odyssey's claims that producing documents that reveal what it knows about the shipwreck would "breach Odyssey's 'fiduciary responsibility to Odyssey's shareholders,'" (Dkt. 137, p4), it should also be noted that the Odyssey Vessel Operations Report identifies eight "guests" on board, all of whom are identified as being with "JWM." JWM Productions is a television production company that is filming Odyssey operations for a television series. (See Odyssey website home page: http://shipwreck.net). An Odyssey May 27, 2008 press release announces that production of the shows began in May 2008. Odyssey CEO and Co-Founder Greg Stemm states that the television shows will give Discovery Channel viewers a "front row seat as Odyssey's archaeological and forensic teams search for sunken treasures and unravel the mysteries of long-lost shipwrecks." (Exhibit 3).

The Court will recognize the parallels to very similar previous conduct by Odyssey that resulted in the Court's Order of April 17, 2008 (Dkt. 110) and the instructions the Court gave about sanctions for any recurrence at the April 17, 2008 conference. (Dkt. 109). Claimant Spain respectfully submits that the current situation is of far greater import, if that were possible, because it involves non-compliance with direct and unconditional Orders of the Court.

Claimant Spain accordingly submits that Odyssey's motion shows not only that there are no valid grounds for reconsideration but also that Odyssey's failure to comply with the Court's Orders is inexcusable and a good faith explanation for its conduct cannot be found. Claimant Spain respectfully submits that if there is anything that warrants reconsideration, it should be whether the sanction ordered by the Court to date is sufficient under the circumstances.[4]

---

[4] Spain therefore incorporates by reference its discussion of sanctions in its Renewed Motion to Compel Compliance and for Sanctions.

Respectfully submitted,

s/James A. Goold
James A. Goold
District of Columbia Bar 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

David C. Banker
Florida Bar 352977
Bush Ross, PA
1801 North Highland Avenue
Tampa, Florida 33602-2656
(813) 244-9255
(813) 223-9620
dbanker@bushross.com

Dated: November 6, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2008, I caused the attached Kingdom of Spain Response to Motion for Reconsideration of Order Granting Motion to Compel and Sanction to be served on counsel of record for Plaintiff Odyssey Marine Exploration and Plaintiff - Intervenor Keith Bray by filing the aforementioned motion electronically via the Court's CM/ECF system, which will forward copies to all counsel of record.

James A. Goold
District of Columbia Bar 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com