UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

        Plaintiff,

v.                                                                                          Case No. 8:06-cv-1685-MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle, appurtenances
and cargo located within center point
coordinates: 49° 25' N, 6° 00' W;
Radius: 5 nautical miles,

        Defendant.
        *in rem*

and

THE KINGDOM OF SPAIN,

        Claimant.
_____/

KEITH BRAY,

        Intervening Plaintiff/Claimant,

v.

ODYSSEY MARINE EXPLORATION, INC.,

        Defendant.
_____/

## **ORDER**

On October 16, 2008, this Court granted Spain's motion to compel with its Rule 34

requests for production of documents. The Court's legal basis for the order was simple: Odyssey had failed to timely respond as required by Rule 34 to Spain's requests and, consequently, had "waived any objections it may have had to [those requests]." That order directed Odyssey to produce comply with Spain's requests by October 20, 2008 (*see* doc. 124). Odyssey failed to abide by the order, and the Court appropriately granted Spain's predictable motion to compel and for sanctions (*see* order dated October 31, 2008, at doc. 134). Now, Odyssey apparently wants the Court to reconsider both orders, a motion that is not well taken and one that Spain strenuously argues against. Reconsideration of an order is an extraordinary remedy and usually requires one of the following grounds: (1) "an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice." *Wells v. Xpedx*, 2007 WL 1893664 (M.D. Fla. 2007) (citation omitted). In short, a motion for reconsideration is not an opportunity to ask the Court to rethink what it already has considered. *Eisenberg v. Carnival Corp.*, 2008 WL 2946029 (S.D. Fla. 2008). Odyssey presents nothing new, nor does it make any real argument that this Court's October 16 order was incorrect as a matter of law.

As to Odyssey's alternative request for additional time to comply with the Court's order, Odyssey has failed to make a persuasive case that an extension is warranted. For example, it has not stated what steps it has taken to comply with production already or when it took these steps.

Accordingly, it is hereby

ORDERED:

1. Plaintiff Odyssey's motion for reconsideration (doc. 139) is DENIED.

DONE AND ORDERED at Tampa, Florida on November 6, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record