UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | |
|---|---|
| ODYSSEY MARINE EXPLORATION, INC. : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | Case No: 8:06-CV-01685-SDM-MAP |
| : | |
| THE UNIDENTIFIED SHIPWRECKED : | |
| VESSEL, its apparel, tackle, appurtenances : | |
| And cargo located within centerpoint : | |
| Coordinates: 49° 25' N, 6° 00' W; : | |
| Radius: 5 nautical miles : | |
| : | |
| Defendant. : | |
| *in rem* : | |
| : | |
| THE KINGDOM OF SPAIN, : | |
| : | |
| Claimant. : | |
| _____/ | |
| : | |
| KEITH BRAY, : | |
| : | |
| Intervening Plaintiff/Claimant, : | |
| v. : | |
| : | |
| ODYSSEY MARINE EXPLORATION, INC., : | |
| : | |
| Defendant. : | |
| _____/ | |

**PLAINTIFF'S MOTION TO BIFURCATE CLAIMS OF SPAIN
FROM CLAIM OF CLAIMANT, KEITH BRAY**

COMES NOW, Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by and through its undersigned counsel and moves this honorable Court to bifurcate the claims of the Kingdom of Spain from those of Claimant, Keith Bray ("Bray"), and in support thereof states as follows:

1. This is an admiralty cased based upon the arrest of a shipwreck site by Odyssey.

2. Odyssey has recovered certain artifacts from the site, but has not conclusively identified a ship related to the site. Odyssey has put forth one hypothesis that the site may be that of the *Merchant Royal*, a British merchant vessel which sank in 1641.

3. The Kingdom of Spain has filed a claim in the case arguing that some cargo aboard the *Merchant Royal* may have belonged to the Kingdom of Spain. Spain's claim is based on the theory that the vessel which has been found by Odyssey is the *Merchant Royal* and that the *Merchant Royal* may have been carrying silver coins for the Spanish King.

4. The claims of the Kingdom of Spain are totally unrelated to those of Bray.

5. Bray, on the other hand, is asserting a contract claim against Odyssey related to research he had performed and sold to Odyssey specifically relative to the vessel *Merchant Royal*.

6. Odyssey denies Bray's claim and has produced the written contract between the parties as well as correspondence which clearly demonstrates that Bray has been compensated in full for his services. The contract further specifically states that it is the only agreement between the parties.

7. In any case, the identity of the subject wreck or any other wreck found by Odyssey only becomes relevant to a claim made by Bray if he is successful in

establishing that he indeed has a contract which provides that he is entitled to receive a proportionate share of salvaged property from the *Merchant Royal.*

8. For the purposes of Bray's claim, and in the interest of judicial economy, a determination of Bray's rights under his contract are of utmost importance. If and only if Bray is successful in his contract claim, will he have any interest in identifying the wreck in this case.

9. Spain has conceded that it has no claim to the actual artifacts which have been brought before the Court, and that it does not, at this time, have any historical evidence which confirms a Spanish legal interest in the *Merchant Royal*. Thus, Spain's claim may not be tried at all. Bray's claim, thus would be the only issue to be tried.

10. If, Bray's claim is not bifurcated, and Spain does proceed with its claim, Odyssey will have to try two completely separate cases at one time. The Court will be presented with evidence on completely unrelated matters and ultimately will have to make numerous findings that could be averted by the bifurcation.

11. It is clearly in the best interest of judicial economy and efficiency to bifurcate the Bray claim from the Kingdom of Spain's claim and for the Court to determine Bray's rights or lack thereof separate from a trial of Spain's claim, which will only impact Bray if he succeeds in his claim.

## **MEMORANDUM OF LAW**

Federal Rules of Civil Procedure, Rule 42(b) specifically sets forth that:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims or third party claims.

The case before the Court is a perfect example of when this Rule should be applied. In the case of Reines Distributors, Inc. v. Admiral Corporation, 257 F.Supp. 619, 620 (S.D. N.Y. 1965), the court was faced with a situation somewhat similar to ours. Although there was only one plaintiff and one defendant, there were several theories of liability. The plaintiff pointed out that if they could establish liability under one theory, they would not have to put on evidence in several theories. As the court stated,

> The purpose of the rule is to prevent delay and expense...when there is a possibility, however or shortening the trial considerably by holding a separate trial on an issue, the court should exercise its discretion, *Collins v. Metro Golden Meyer*, 106 F.2d 83, 85 (2nd Cir. 1939) and try the issues separately if such a procedure will not prejudice either side.

In the present situation, by separating out the Bray claim, the Court can eliminate the trial of numerous issues that are completely unrelated to Bray and may never relate to him. If Bray is unsuccessful in establishing that his contract provides him with more than he has already received, there will be no reason for him to participate in the trial, if any, of the Kingdom of Spain's claim. In 75 Am.Jur.2d Trial Section 68, it is noted:

> Generally, economy and expedition of the case would be promoted by ordering of a separate trial where determination of one issue will be dispositive of the entire case, or where the trial of other issues will be avoided by the determination of one issue. Indeed, this is the reason most often advanced for separation of liability and damage issues. Thus whether multiple claims should be tried in one suit or several should be determined by considerations of judicial economy of the parties rather than the potential effect on the substantive rights.

In this case, judicial economy will be advanced due to the fact that in a relatively short trial, Bray's rights can be determined. The issues involving Bray's rights are irrelevant to the Kingdom of Spain's claim. Moreover, the facts surrounding Bray's claim are unrelated to the facts surrounding the Kingdom of Spain's claim. The resolution of Bray's claim will determine

whether he has any reason to proceed further in the litigation involving the unidentified wreck, or whether he can go home. There is no detrimental effect to Bray one way or the other, since he ultimately is going to have to have the Court decide his contract action in order to determine whether he has a right to a claim against the sunken wreck.

The Court, itself, has recognized that Bray's claim may proceed independently of Spain's claim:

> COURT (Magistrate Mark A. Pizzo): Then your– your case (Bray's) with Odyssey can proceed on a separate track, be adjudicated one way or the other. If you were to win and you had an outstanding judgment, that would be a judgment that would continue to exist and you could collect on that as artifacts were uncovered. (Transcript of Status Conference, January 8, 2009, P.21).

As the Court has noted, Bray's claim can be bifurcated and will be unaffected by any litigation between Odyssey and Spain. In fact, Bray will have no reason to proceed as to adjudication of the rights to the site and the artifacts therefrom if he does not succeed in his contract claim. It is clearly in the best interest of all parties that these two matters be bifurcated.

In the case of Cox v. E.I.DuPont, 39 F.R.D. 56, 57-58, the court pointed out that it has broad discretion to either consolidate two claims or to bifurcate them. Furthermore, the court pointed out that the purpose of Rule 42(b) and 42(a) is to promote efficient judicial administration.

In conclusion, it is respectfully requested that this honorable Court bifurcate the claim of the Kingdom of Spain from the claim filed by Bray. It is the opinion of undersigned counsel that the Bray claim could be made ready for trial in a very short period of time, since the facts are clear and well documented.

**CERTIFICATE UNDER LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), counsel for Odyssey Marine Exploration, Inc. certifies that he has attempted to confer with counsel for Bray in a good faith effort to resolve the issues raised in this Motion but has not yet received a reply.

Date: 4/20/09

Respectfully submitted,

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. KENNEDY BLVD.
SUITE 1500
Telephone: (813) 221-1500
Facsimile: (813) 222-3066


s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
Telephone: (813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 1801 North Highland Avenue, Tampa, Florida 33602-2656, *Attorneys for Claimant, Kingdom of Spain,* and Frank D. Butler, Law Offices of Frank D. Butler, P.A., 10550 US Hwy 19 North, Pinellas Park, Florida 33782, *Attorneys for Intervenor Plaintiff.*

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. KENNEDY BLVD.
SUITE 1500
Telephone: (813) 221-1500
Facsimile: (813) 222-3066


s/ Melinda J. MacConnel
Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
Telephone: (813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff