IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

CASE NO.:  8:06-CV-01685-T-23MAP

**ODYSSEY MARINE EXPLORATION, INC.**,

    Plaintiff,

vs.


**THE UNIDENTIFIED SHIPWRECK VESSEL**,
its apparel, tackle, appurtenances and
cargo located within center point
coordinates: 49° 25' N, 6° 00' W;
Radius: 5 nautical miles

    Defendant,
    i*n rem*

and

**THE KINGDOM OF SPAIN**,

    Claimant,

and

**KEITH BRAY**,

    Intervening Plaintiff,

vs.

**ODYSSEY MARINE EXPLORATION, INC**.

    Defendant.
_____/

# CASE MANAGEMENT REPORT

1. **Meeting of Parties**: Pursuant to Locale Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on December 16, 2009, by telephone and electronic mail, and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Frank D. Butler, Esq. | Intervening Plaintiff - BRAY |
| Melinda J. MacConnel, Esq. | Defendant - ODYSSEY |

2. **Initial Disclosures**:

    a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, date compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support is claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R.Civ.P.26(a)(1).

The parties:

   __X__     have exchanged information referenced by Fed. R.Civ.P.26(a)(1)(A)-(D) or agree to exchange such information on or before **January 15, 2010**.

   _____     stipulate to not disclose information referenced by Fed. R. Civ. P.

26(a)(1)(A)-(D) for the specific reason(s) that:

_____
_____

_____    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. R. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____
_____


3.   **Discovery Plan - Plaintiff**:  The parties jointly propose the following Plaintiff's discovery plan:

a.  **Plaintiff's Planned Discovery**:  A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)   **Requests for Admission**:

On or before **February 15, 2010**, and at appropriate intervals prior to discovery cutoff.

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.


(2)   **Written Interrogatories**:

On or before **February 15, 2010**, and at appropriate intervals prior to discovery cutoff.

Number of Interrogatories:  Local Rule 3.03(a) provides,  "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.


(3)   **Requests for Production or Inspection:**

On or before **February 15, 2010**, and at appropriate intervals prior to discovery cutoff

(4) **Oral Depositions:**

To begin on or before **April 15, 2010**, and at appropriate intervals thereafter up to close of discovery.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R.Civ.P.30(d)(2) unless extended by agreement of the parties or order of the Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Ground |
|------|-------------------------------|--------|

None anticipated to exceed Local Rule guidelines.

b. **Disclosure of Expert Testimony:** Parties stipulate, in accordance with Fed. R. Civ.P. 26(a)(2)(c), that Plaintiff 's Fed. R. Civ. P. 26 (a)(2) disclosure will be due as noted here:

On or before **June 1, 2010**.

c. **Supplementation of Disclosures and Responses:** Parties agree that Plaintiff'supplementation under Fed. R. Civ. P. 26(a)(2)(C) will be provided at the following times:

As information becomes available, and as required by Federal Rules of Civil Procedure.

d. **Completion of Discovery:** Plaintiff will commence all discovery in time for it to be completed on or before **August 1, 2010**.

4. **Discovery Plan - Defendant :** The parties jointly propose the following Defendant's discovery plan:

a. **Defendant's Planned Discovery:** A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) **Requests for Admission:**

On or before **February 15, 2010**, and at appropriate intervals prior to discovery cutoff

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) **Written Interrogatories:**

On or before **February 15, 2010**, and at appropriate intervals prior to discovery cutoff

Number of Interrogatories: Local Rule 3.03(a) provides, "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) **Requests for Production or Inspection:**

On or before **February 15, 2010**, and at appropriate intervals prior to discovery cutoff

(4) **Oral Depositions:**

Per Rule.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Ground |
|------|-------------------------------|--------|
|      |                               |        |

b. **Disclosure of Expert Testimony:** Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(c), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

On or before **June 1, 2010**

c. **Supplementation of Disclosures and Responses:** Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(a)(2)(c) will be provided at the following times:

Per Rule.

d. **Completion of Discovery:** Defendant will commence all discovery in time for it to be completed on or before **August 1, 2010**.

**Joint Discovery Plan - Other Matters:** Parties agree on the following other matters relating to discovery (*e.g.,* handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

No issues expected at this time.

**Disagreement or Unresolved Issues Concerning Discovery Matters:** Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days

after the filing of the Case Management Report. Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates:

> No issues expected at this time.

**Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:**
Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, should be **April 1, 2010**. (Note time limit in Local Rule 4.03.)

Parties agree that the final date for filing motions for summary judgment, and all other potentially dispositive motions should be **June 15, 2010**.

**Settlement and Alternative Dispute Resolution.** Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
\_\_\_\_ likely
__X__ unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

\_\_\_\_ yes __X__ no \_\_\_\_ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbonding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

**Consent to Magistrate Judge Jurisdiction**: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

\_\_\_\_ yes _X_ no \_\_\_\_ likely to agree in future

**Preliminary Pretrial Conference:**

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties

\_\_\_\_\_  request
  X    do not request

a preliminary pretrial conference before entry on a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

Plaintiff:    none known at this time.

Defendant:   none known at this time.

11. **Final Pretrial Conference:**  Parties agree that they will be ready for a final pretrial conference on or after **August 15, 2010**, and for trial on or after **September 15, 2010.**  This Jury \_\_\_\_ Non-Jury \_\_X\_\_ trial is expected to take approximately _____ days.

12. **Pretrial Disclosures and Final Pretrial Procedures:**  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. **Other Matters:**

Date: 12/22/09                                              Date: 12/22/09

*/s/Frank D. Butler*                                        */s/Melinda J. MacConnel*
Frank D. Butler, Esquire                                    Melinda J. MacConnel, Esquire
Frank D. Butler, P.A.                                       Odyssey Marine Explorations Inc.
FBN:  940585                                                FBN:  871151
10550 U.S. Highway 19 North                                 5215 West Laurel Street
Pinellas Park , Fl 33782                                    Tampa, FL 33607
Ph: 727-399-2222                                            Ph:  813-876-1776
Fax: 727-399-2202                                           Fax: 813-830-6609
Attorney for Intervening                                    Attorney for Defendant-Odyssey
Plaintiff – Keith Bray                                      mmacconnel@shipwreck.net
fdblawfirm@aol.com