UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.                                               CASE NO.: 8:06-cv-1685-T-23MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL OR VESSELS, their apparel,
tackle, appurtenances and cargo located
within center point coordinates: 49° 25'
N, 6° 00' W; Radius: 5 nautical miles,

    Defendant,
    *in rem*

and

THE KINGDOM OF SPAIN,

    Claimant.
_____/

KEITH BRAY,

    Intervening Plaintiff/Claimant,

v.

ODYSSEY MARINE EXPLORATION, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court for report and recommendation on Plaintiff Odyssey Marine Exploration, Inc.'s motion for partial summary judgment (doc. 156). In its motion, Odyssey asks for a judgment awarding it title to the objects it has thus far recovered from the

shipwreck site at issue in this case.[1] The only party who filed a response to Odyssey's motion is Intervenor Bray. In his response, Bray states he does not object to the limited relief requested by Odyssey in its motion, but specifically notes he does not waive any rights to any claims he has against Odyssey. At this Court's November 9, 2009, status conference, Spain asserted that it does not have a claim to the artifacts at issue and does not oppose Odyssey's motion.

In addition to the fact that no objections have been filed, the Court notes Odyssey's motion establishes a valid basis on which it should be granted. Regarding the laws of salvage and finds, the law in this Circuit provides:

> Although the law of salvage grants the salvor a right to possession of the property, the salvage of a vessel or goods at sea, even when the goods have been abandoned, does not divest the original owner of title or grant ownership rights to the salvor, *except* in extraordinary cases, such as this one, where the property has been lost or abandoned for a very long period. Under these unusual circumstances the maritime law of finds supplements the possessory interest normally granted to a salvor and vests title by occupancy in one who discovers such abandoned property and reduces it to possession.

*Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 567 (5th Cir. March 9, 1981) (emphasis added) (citation omitted).[2] This case seems to fall within the category of extraordinary cases recognized in *Treasure Salvors*. The artifacts at issue have been lost at sea for a very long period of time; Odyssey's report on the site states the "meager evidence is suggestive of a date towards the mid to late 17th century for the loss of the shipwreck." (Doc. 156, Ex. A at 62) There has, moreover, been no claim asserted as to the artifacts in question here. Finally, Odyssey has reduced the objects at issue to its possession. Based on the foregoing,

---

[1] The objects as to which Odyssey moves for ownership are set out in Exhibits B and C to Odyssey's motion.

[2] The Eleventh Circuit in an *en banc* decision, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

I recommend the district court grant Odyssey's motion for partial summary judgment under the law of finds.

Based on the foregoing, it is hereby

RECOMMENDED:

1. Plaintiff Odyssey Marine Exploration, Inc.'s motion for partial summary judgment (doc. 156) be GRANTED; and

2. Plaintiff Odyssey Marine Exploration, Inc. be granted title to the objects it has thus far recovered from the shipwreck site at issue in this case, as set out in Exhibits B and C to Odyssey's motion for partial summary judgment.

IT IS SO REPORTED at Tampa, Florida on January 5, 2010.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable Steven D. Merryday
Counsel of Record