UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE
EXPLORATION, INC.,

    Plaintiff,

v.                                          CASE NO: 8:06-cv-1685-T-23MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle,
appurtenances and cargo located within
center point coordinates 49', 25' N, 6',
00' W; Radius: 5 nautical miles,

    Defendant,
    <u>in</u> <u>rem</u>

and

THE KINGDOM OF SPAIN,

    Claimant.
_____/

KEITH BRAY,

    Intervening Plaintiff/Claimant,

v.

ODYSSEY MARINE EXPLORATION,
INC.,

    Defendant.
_____/

**ORDER**

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), the court referred the plaintiff's motion for partial summary judgment (Doc. 156) to Magistrate Judge Mark A. Pizzo for a report and recommendation. On January 5, 2010, Magistrate Judge Pizzo issued a report (Doc. 165) that recommends (1) granting the plaintiff's motion for partial summary judgment under the law of finds[1] and (2) granting the plaintiff "title to the objects [the plaintiff] has thus far recovered from the shipwreck at issue in this case," which objects the plaintiff describes in exhibits B and C to the plaintiff's motion.

Having received no objection to the report and recommendation, the report and recommendation (Doc. 165) is **ADOPTED**. The plaintiff's motion (Doc. 156) is **GRANTED**. Under the law of finds,[2] the plaintiff possesses title to the objects listed in exhibits B and C (Docs. 156-3, 156-4) to the plaintiff's motion. Additionally, the

---

[1] See Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 640 F.2d 560, 571 (11th Cir. 1981) ("under the law of finds, a finder acquires title to lost or abandoned property by 'occupancy,' i.e. by taking possession of the property and exercising dominion and control over it."); 2 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW, §16-7 (3d. ed. 2001) ("The finder can acquire title against all the world (except an owner who shows non-abandonment) by demonstrating the intent to acquire the property and possession (or a high degree of control).").

[2] "The common law of finds treats property that is abandoned as returned to the state of nature and thus equivalent to property, such as fish or ocean plants, with no prior owner. The first person to reduce such property to "possession," either actual or constructive, becomes its owner." Hener v. U.S., 525 F. Supp. 350, 354, 356 (S.D.N.Y. 1981) (explaining that "[t]o justify an award of title . . . the law of finds requires a finder to demonstrate not only the intent to acquire the property involved, but also possession of that property, that is, a high degree of control over it."); see also 640 F. 2d at 567 (finding that if property has been "lost or abandoned for a very long period . . . the maritime law of finds supplements the possessory interest normally granted to a salvor and vests title by occupancy in one who discovers such abandoned property and reduces it to possession.").

warrant of arrest (Doc. 7) is **VACATED** and the Clerk is directed to close the in rem action.

ORDERED in Tampa, Florida, on February 1, 2010.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE